J-A25025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAUL AND TANNIA A. JAUREGUI | |
| Appellants | No. 77 EDA 2015 |

Appeal from the Judgment of Sentence October 8, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-SA-0000705-2014

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 01, 2015**

Appellants, Raul Jauregui and Tannia A. Jauregui, appeal *pro se*[1] from the October 8, 2014 aggregate judgment of sentence, imposing a $100.00 fine after Appellants were found guilty on two summary parking citations for leaving an unattended vehicle on private property in violation of 75 Pa.C.S.A. § 3353(b)(1). After careful review, we quash the appeal as untimely.

We summarize the procedural history of this case as gleaned from the certified record as follows. On June 26, 2014, Appellants filed a timely notice of summary appeal to the Delaware County Court of Common Pleas

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Raul Jauregui and Tannia A. Jauregui are both attorneys.

from two summary traffic convictions for violations of Section 3353(b)(1).[2] The trial court held a *de novo* hearing on October 8, 2014, at the conclusion of which it found Appellants guilty and imposed a $50.00 fine for each citation. On October 15, 2014, Appellants filed a motion for reconsideration, which included an alternative request for the trial court to certify its October 8, 2014 judgment of sentence "final and ready for appeal." Motion for Reconsideration, 10/15/14, at 2. On October 17, 2014, the trial court issued an order granting the motion for reconsideration and denying the motion to certify the judgment of sentence appealable. The trial court scheduled the matter for a hearing but did not vacate its judgment of sentence. Following a hearing on the motion to reconsider, held December 2, 2014, the trial court issued an order on December 3, 2014 denying the motion for reconsideration. Appellants filed a notice of appeal on December 31, 2014.[3]

On appeal, Appellants challenge the sufficiency of the evidence and the trial court's interpretation of 75 Pa.C.S.A. § 3353(b)(1). Appellants' Brief at 7. On February 4, 2015, this Court issued a rule to show cause upon Appellants to show why the appeal should not be quashed as untimely. *Per Curiam* Order, 2/4/15, at 1. Appellants responded on February 18, 2015. Thereafter, this Court discharged the rule, referring the disposition of the

---

[2] Two other summary parking convictions were appealed to the court of common pleas but are not the subject of this appeal.

[3] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

issue to this panel. *Per Curiam* Order, 2/25/15, at 1. In its brief, the Commonwealth challenges the timeliness of Appellants' appeal. The Commonwealth contends that the imposition of the fine on Appellants on October 8, 2014, was a final judgment of sentence and any appeal was required to be filed within 30 days. Commonwealth's Brief at 7, *citing* Pa.R.A.P. 903(a).

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted).
>
> In general, appeals are properly taken from final orders. **See** Pa.R.A.P. 341(b)(2) (stating an appeal lies from an order that "is expressly defined as a final order by statute[ ]").

**Commonwealth v. Gaines**, --- A.3d ---, 2015 WL 6750071, at *2 (Pa. Super. 2015) (*en banc*) (plurality opinion).

The Commonwealth further notes that Appellants' motion for reconsideration did not operate to toll the appeal period because there is no provision for post-sentence motions following a *de novo* summary appeal conviction. **Id.** at 6, *citing* Pa.R.Crim.P. 720(D) ("[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a

determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal"). Because Appellants did not file their notice of appeal until December 31, 2014, 84 days following the judgment of sentence, the Commonwealth asserts Appellants' appeal is untimely and should be quashed. Commonwealth's Brief at 6.

Although the filing of a post-sentence motion for reconsideration following a summary appeal conviction does not in itself toll the appeal period, Appellants point out that the comment to Rule 720(D) states "nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration." Appellants' Answer to Rule to Show Cause, 2/18/15 at 2, *quoting* Pa.R.Crim.P. 720 *Comment*, *citing* 42 Pa.C.S.A. § 5505 (providing "a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such order has been taken or allowed"). Therefore, such reconsideration would normally not toll the appeal period unless the trial court, prior to the expiration of 30 days, granted the petition for reconsideration **and** vacated its judgment of sentence pending its consideration of the merits of the relief sought. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (noting " when a trial court purports to extend the time for appeal to thirty days after the disposition of the motion for reconsideration without vacating its sentence, this error does not affect the running of the time of appeal"). Instantly, the trial court responded to Appellants' motion

to reconsider by purporting to grant reconsideration, but declining to vacate its judgment of sentence and thereby toll the period for appeal. Trial Court Order, 10/17/14.

Appellants alternatively argue that the trial court did not properly advise them of their appeal rights by refusing their motion to certify. Appellants' Answer to Rule to Show Cause, 2/18/15, at 4-5. Although the trial court denied Appellants' contemporaneous request to certify the appealability of the trial court's October 8, 2014 judgment of sentence, we note that this request was unnecessary, because, as stated above, the judgment of sentence was a final order. We conclude that the trial court, by refusing to grant Appellants' motion to certify, was merely declining to take action on a moot request and did not affect the appealability of Appellants' judgment of sentence as a final order, which the trial court explicitly kept in effect. This is not a case, as argued by Appellants, where the trial court gave Appellants erroneous advice or instructions about the time for appeal as to be considered a breakdown of the court's operation. *Cf. Coolbaugh*, *supra* (declining to quash an appeal as untimely where the revocation court's misadvising appellant that the filing of a post-sentence motion would extend the appeal period was a breakdown of the court's operation).

Instantly, the trial court's October 17, 2014 order did not toll the 30 days Appellants had to appeal their judgments of sentence. The trial court lost jurisdiction to modify its order after the appeal period expired. Because

Appellants' notice of appeal was untimely filed, we lack jurisdiction to address it. ***See Gaines***, ***supra***. Accordingly, we are constrained to quash the instant appeal as untimely.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/1/2015</u>