J-E02001-15

2015 PA Super 230

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT DA-JUAN GAINES | |
| Appellant | No. 1497 MDA 2013 |

Appeal from the PCRA Order July 15, 2013
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001303-2009

BEFORE: GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., DONOHUE, J., SHOGAN, J., ALLEN, J., LAZARUS, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.:                    **FILED NOVEMBER 05, 2015**

Appellant, Robert Da-Juan Gaines, appeals from the July 15, 2013 order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we quash this appeal.

We summarize the relevant facts and procedural history of this case as follows. On September 8, 2009, the Commonwealth filed an information charging Appellant with two counts each of unlawful delivery of a controlled substance, criminal conspiracy, and criminal use of a communication facility.[1] On October 11, 2010, Appellant proceeded to a jury trial, at the

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903(a)(1), and 7512(a), respectively.

conclusion of which the jury found Appellant guilty of all counts except for one count of unlawful delivery of a controlled substance. On November 17, 2010, the trial court imposed an aggregate sentence of 102 to 360 months' imprisonment. On December 17, 2010, Appellant filed a timely notice of appeal to this Court. This Court affirmed the judgment of sentence on August 15, 2011. *Commonwealth v. Gaines*, 32 A.3d 834 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 14, 2012, Appellant filed a timely, counseled PCRA petition. Among the claims therein, Appellant argued that "[his c]ounsel failed to bring to the attention of the [s]entencing [c]ourt the miscalculation of [his prior record score], leading to a standard range sentence that did not accurately reflect a proper calculation of his prior record." Appellant's PCRA Petition, 9/14/12, at ¶ 6. The Commonwealth filed its answer on October 8, 2012. On April 12, 2013, the PCRA court entered an order scheduling resentencing in accordance with a stipulation between Appellant and the Commonwealth that Appellant's original sentence was based on an improperly calculated prior record score.[2] On April 25, 2013, Appellant filed

---

[2] The PCRA court's order appears to grant Appellant relief without specifically concluding that prior counsel was ineffective. *See* PCRA Court Order, 4/12/13, at 2 (stating, "there is no finding for th[e PCRA c]ourt to make as to ineffective assistance of counsel as the matter is being addressed by the [PCRA c]ourt as to that issue[]").

a petition to amend his PCRA petition, which the PCRA court granted on May 1, 2013. Appellant filed an amended PCRA petition on May 21, 2013.[3] The PCRA court conducted a hearing on June 19, 2013. On July 15, 2013, the PCRA court entered an order denying Appellant's request for PCRA relief; however, the record reveals that the clerk of courts did not mail said order to Appellant until July 17, 2013. On July 17, 2013, the trial court resentenced Appellant to an aggregate term of 64 to 156 months'

_____

[3] The concurrence avers that Appellant's May 21, 2013 amended PCRA petition was an untimely second PCRA petition, because Appellant withdrew his remaining ineffective assistance of counsel claims from his original PCRA petition. Concurring Opinion at 1-2. Although the PCRA court's April 12, 2013 order states that Appellant "intended to withdraw" his other claims, the next paragraph in the same order states the following.

> The defense counsel has alerted … the Court to additional information that he has recently learned which may require him to amend [Appellant]'s PCRA petition. The Court finds that in the interest of judicial economy, that [Appellant] shall be detained in the Franklin County Jail for a period of 10 days from today's date so that he may meet with his counsel … for the development of an amended PCRA petition.

PCRA Court Order, 4/12/13, at 2-3. Therefore, the PCRA court's order that granted resentencing also granted Appellant leave to amend his petition. We note that this technically rendered Appellant's April 25, 2013 formal request for leave to amend superfluous. Nevertheless, it is axiomatic that granting leave to amend was well within the PCRA court's discretion. **See** Pa.R.Crim.P. 905(A) (stating, "[t]he judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time … [and a]mendment shall be freely allowed to achieve substantial justice[]"). Therefore, Appellant's May 21, 2013 petition is properly characterized as an amended PCRA petition rather than a second untimely petition.

imprisonment with credit for time served. On July 29, 2013, Appellant filed a motion to modify sentence, which was granted the next day to include that Appellant was RRRI eligible.[4] On August 19, 2013, Appellant filed a notice of appeal.[5]

On July 14, 2014, this Court filed an unpublished memorandum quashing Appellant's appeal as untimely. Appellant filed a timely petition for reargument *en banc* on July 23, 2014. On September 22, 2014, this Court entered an order granting Appellant's petition for reargument *en banc*. Both Appellant and the Commonwealth filed substituted briefs; however, neither addressed the issue the original panel found dispositive, *i.e.*, whether the untimeliness of Appellant's notice of appeal divested this Court of jurisdiction to consider Appellant's claims. Therefore, on April 21, 2015, this Court entered an order directing the parties to file supplemental briefs addressing the jurisdictional issue, with which both parties complied.

In his substituted brief, Appellant raises one issue for our review.

> A. [Whether the] ineffectiveness of trial counsel resulted in a conviction that was unjustly reached[?]

Appellant's Brief at 4.

---

[4] As the tenth day fell on a Saturday, Appellant's post-sentence motion filed on Monday, July 29, 2013 was timely. **See generally** Pa.R.Crim.P. 720(A); 1 Pa.C.S.A. § 1908.

[5] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Before we address the merits of Appellant's appeal, we first address the question upon which we granted reargument *en banc*, that is, whether this appeal is properly before us. We may raise issues concerning our appellate jurisdiction *sua sponte*. **Commonwealth v. Andre**, 17 A.3d 951, 957-958 (Pa. Super. 2011). In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted).

In general, appeals are properly taken from final orders. **See** Pa.R.A.P. 341(b)(2) (stating an appeal lies from an order that "is expressly defined as a final order by statute[]"). Appellant's entire argument on appeal pertains to ineffectiveness of counsel, which stems from the July 15, 2013 order denying his guilt phase claims for relief under the PCRA. **See** Appellant's Brief at 1 (stating, "[t]his is an appeal from [the PCRA court's order] dated July 15, 2013 on the preserved issue of the [PCRA c]ourt's denial of the [PCRA p]etition filed September 14, 2012 and [the amended PCRA petition] filed May 21, 2013[]"). Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides as follows.

> An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction

> collateral relief shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 910. By its plain text, Rule 910 has no exceptions. It is absolute. Further, the comment to Rule 910 states that "[a] partial disposition under Rule 907[3] is not a final order until the judge has fully disposed of all claims." *Id.* at cmt.

In our view, there can be no serious dispute that the order granting in part and denying in part all the issues raised in the PCRA petition "finally dispos[ed]" of Appellant's PCRA petition. Pa.R.Crim.P. 910. Here, Appellant's PCRA petition raised several claims, each seeking either a new trial or resentencing. The PCRA court granted one sentencing claim and denied all claims for a new trial. As a result, the PCRA court's July 15, 2013 order ended collateral proceedings and called for a new sentencing proceeding, which is a trial court function, not a collateral proceeding function. Therefore, the PCRA court's order disposed of all of Appellant's **claims** in his PCRA petition, terminating its role in the proceedings.[6] ***See***

---

[6] In appropriate circumstances, a PCRA court may impose the new sentence in its PCRA court order, as opposed to ordering a new sentencing proceeding. However, it is not in dispute that the PCRA court did not do so in the instant case.

*id.* at cmt. Under a plain, straightforward application of Rule 910, the PCRA court's order was a final one.[7]

Here, the PCRA court's order was docketed on July 15, 2013. However, as this order was not mailed to Appellant until July 17, 2013, the appeal period did not begin until this date.[8] **See** Pa.R.A.P. 108(a)(1) (stating, "in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties …[]"). Therefore, Appellant's notice of appeal was due 30 days from July 17, 2013, which was Friday, August 16, 2013. Appellant's notice of appeal in this case was not

---

[7] Although not dispositive on its own, we note that the PCRA court's July 15, 2013 order included the required notification that Appellant had 30 days to appeal, and cited to Rule 910. **See** PCRA Court Order, 7/15/13, at 1; Pa.R.Crim.P. 908(E) (stating, "[i]f the judge disposes of the case … when the defendant is not present in open court, the judge … shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed[]").

[8] We reject Appellant's argument that the appeal period did not begin to run until July 19, 2013, when counsel received the PCRA court's order. **See generally** Appellant's Supplemental Brief at 2. Appellant does not cite to any authority for the proposition that the Rule 903 filing period begins on the date the order is received, and this would contradict the plain text of Rule 108(a).

filed until Monday, August 19, 2013, three days past the Rule 903 filing deadline.[9]

However, Appellant avers that the PCRA court's July 15, 2013 order was not final. In his reargument petition, Appellant averred that his appeal lies from the new July 17, 2013 judgment of sentence. Appellant's Reargument Petition, 7/23/14, at 9-10. Stated another way, Appellant's argument is that an order granting relief under the PCRA is not a final order; rather, the final order is the order imposed at the completion of the trial court proceeding ordered by the PCRA court's grant of relief.[10] This proposed procedural rule would resolve this exact case because here the Commonwealth stipulated that Appellant was entitled to resentencing, essentially precluding the Commonwealth from appealing the grant of PCRA relief in the form of resentencing. However, this rule would have to be applied to **all** PCRA appeals that come to this Court. When applied outside of this specific case and taken to its logical conclusion, Appellant's proposed procedure would have serious far-reaching consequences.

---

[9] We note that Appellant's notice of appeal was dated August 19, 2013 as well. **See** Appellant's Notice of Appeal, 8/19/13, at 1.

[10] Appellant does not raise any issues pertaining to the July 17, 2013 new judgment of sentence. His claims in this appeal are limited to ineffective assistance of counsel, which only pertain to the July 15, 2013 order denying his PCRA petition in part.

For example, let us assume a timely PCRA petition raises one guilt-phase claim and one sentencing-phase claim. The PCRA court conducts an evidentiary hearing and grants the defendant a new trial, rendering the sentencing issue moot. Under Appellant's proposed procedure, the Commonwealth would be **required** to wait to appeal this PCRA order until an order is imposed following the conclusion of the proceeding resulting from the partial grant of the relief ordered by the PCRA court, *i.e.*, the completion of the new trial. Aside from distorting the plain text of Rule 910, the application of the Appellant's proposed new procedure becomes more problematic if at the second trial, the defendant is acquitted, as it is hornbook federal constitutional law that the Commonwealth cannot appeal an acquittal under the Double Jeopardy Clause. ***United States v. Scott***, 437 U.S. 82, 91 (1978). There is no functional difference between a grant of resentencing and the grant of a new trial, as they both would artificially end collateral review under Appellant's rule. The only way to make the Appellant's proposed rule appear viable, would be to further fracture Rule 910 and hold that this new procedure is only applicable to partial grants of sentencing relief, not new trials. However, as we noted above, Rule 910 contains no exceptions and provides no support for the creation of such a schism.[11]

---

[11] Appellant also acknowledges that this Court has tried to implement this
*(Footnote Continued Next Page)*

Finally, if we adopted Appellant's proposed rule, this Court would be creating an entirely new procedure for the appealability of a PCRA court order that grants resentencing but denies a new trial. However, Article V, section 10(c) of the Pennsylvania Constitution states that "[t]he Supreme Court shall have the power to prescribe general rules governing practice, **procedure** and the conduct of all courts[.]" Pa. Const. art. V, § 10(c) (emphasis added). This Court has previously refrained from tampering with the finality and appealability of orders, as we concluded that doing so would encroach upon our Supreme Court's exclusive rulemaking power. ***See In re***

---
*(Footnote Continued)*

procedure before in ***Commonwealth v. Bryant***, 780 A.2d 646 (Pa. 2001). Appellant's Supplemental Brief at 3. In ***Bryant***, our Supreme Court held that when a PCRA court denies all claims of relief with respect to the guilt phase, but orders a new sentencing hearing, its order is a final one. ***Bryant***, ***supra*** at 648. In doing so, our Supreme Court disapproved of the very procedure Appellant asks this Court to adopt. Appellant argues that ***Bryant***'s holding is only applicable to capital cases. Appellant's Supplemental Brief at 3. Regardless of how ***Bryant*** should be viewed in the larger spectrum of PCRA cases, capital PCRA appeals are the smaller subset of PCRA cases that are adjudicated in this Commonwealth. As noted above, in ***Bryant***, this Court created, for capital cases, the same procedure that Appellant urges us to adopt here. Our Supreme Court specifically disapproved the procedure. We cannot agree that our Supreme Court in ***Bryant*** intended *sub silentio* to hold that the same procedure it disapproved for the smaller subset of PCRA appeals **was** permissible for the **larger** subset of PCRA appeals, *i.e.*, non-capital cases.

We also stress that when a PCRA court grants in part and denies in part a PCRA petition, the fact that it is final for purposes of appeal is not a procedure that our Supreme Court invented specifically for ***Bryant***. Rather, it is a straightforward application of Rule 910, which our Supreme Court explicitly cited to with approval in ***Bryant***. ***Bryant***, ***supra***, *quoting* Pa.R.Crim.P. 1510 (now Rule 910).

- 10 -

***M.D.***, 839 A.2d 1116, 1121 (Pa. Super. 2003) (stating, "if we were to deem all [juvenile court] review orders subject to appeal, we would be engaging in rulemaking, a function within the exclusive jurisdiction of the Pennsylvania Supreme Court[]"). We likewise resist the temptation to do so here. By altering what is and what is not a final, appealable order, this Court would be promulgating a new procedural rule for appealing partial grants of PCRA relief. In our view, if there is to be such a new procedure, it should only come from the Rules Committee and our Supreme Court. In light of all the aforementioned considerations, we hold that the PCRA court's July 15, 2013 order granting in part and denying in part Appellant's PCRA petition was a final order under Rule 910.

Based on the foregoing, we conclude that Appellant's notice of appeal was untimely filed from the July 15, 2013 order disposing of Appellant's PCRA petition. Accordingly, we are without jurisdiction and quash this appeal.

Appeal quashed.

Judge Panella and Judge Lazarus join the opinion.

Judge Stabile concurs in the result.

Judge Donohue files a concurring opinion in which Judge Stabile joins.

President Judge Emeritus Bender files a dissenting opinion in which President Judge Gantman and Judge Shogan join.

Judge Allen did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/5/2015</u>