J-S19022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAYNARD TAYLOR | : | |
| | : | |
| Appellant | : | No. 565 EDA 2017 |

Appeal from the Judgment of Sentence January 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0706561-2006

BEFORE:    SHOGAN, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 21, 2018**

Appellant Raynard Taylor appeals from the judgment of sentence imposed following his successful merger claim under the Post Conviction Relief Act (PCRA).[1]  Because the PCRA court did not enter a final order dismissing the PCRA claims upon which this appeal is based, we quash.

The facts underlying Appellant's convictions are not pertinent to our disposition.  On September 11, 2008, following a bench trial, Appellant was sentenced to fifteen to thirty years' incarceration for attempted murder and ten years' probation for aggravated assault.  **See** Trial Ct. Op., 7/18/17, at 1. Appellant filed a direct appeal, and on January 31, 2011, this Court affirmed the trial court's judgment of sentence.  **Commonwealth v. Taylor**, 2821 EDA

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

2008 (Pa. Super. Jan. 31, 2011) (unpublished mem.). On July 31, 2012, our Supreme Court denied Appellant's petition for allowance of appeal.

On December 14, 2012, the PCRA court docketed Appellant's *pro se* PCRA petition challenging the legality of his sentence and the effectiveness of his trial counsel. Thereafter, the court appointed PCRA counsel, who filed an amended PCRA petition on March 2, 2015. The Commonwealth filed a motion to dismiss Appellant's PCRA petition on March 17, 2016.

On September 13, 2016, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant filed a response on September 20, 2016. The Commonwealth filed its response on October 19, 2016. On October 20, 2016, Appellant submitted a supplemental response to the Rule 907 notice that focused on Appellant's sentencing claim and the merger doctrine.

On November 2, 2016, the PCRA court convened a conference with counsel at which it found that Appellant's sentence for aggravated assault should have merged with the sentence for attempted murder. N.T., 11/2/16, at 13. That same day, the PCRA court entered an order, stating in relevant part: "after consideration of the [m]otion to [g]rant PCRA by the [a]ttorney for the [d]efendant it is ORDERED that the [m]otion to [g]rant PCRA is GRANTED. Commonwealth motion to dismiss is denied." Order, 11/2/16.

Thereafter, on January 24, 2017, the court held a resentencing hearing and vacated Appellant's ten-year probation sentence for aggravated assault.

*See* Trial Ct. Order, 1/24/17. The sentence remained unchanged in all other respects. *Id.*

On February 10, 2017, Appellant filed a notice of appeal and subsequently complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b), in which he claimed that the PCRA court erroneously dismissed his claim of ineffective assistance of counsel.[2] On July 18, 2017, the PCRA court issued a Rule 1925(a) opinion stating that it denied Appellant's ineffective assistance of counsel claims on November 2, 2016, and thoroughly addressed the merits of those claims.

Appellant raises one issue for our review:

> Whether the PCRA Court erred by denying [Appellant] post-conviction relief because trial counsel was ineffective for failing to file a post-sentence and preserve the claim that the verdict was against the weight of the evidence.

Appellant's Brief at 2.[3]

As a prefatory matter, we must address whether this appeal is properly before us. We may raise issues concerning our jurisdiction *sua sponte*. **Commonwealth v. Baio**, 898 A.2d 1095, 1098 (Pa. Super. 2006).

_____

[2] Appellant's notice of appeal specifically refers to "the order of the Honorable Glynnis Hill, dated January 24, 2017, resentencing [Appellant]." Notice of Appeal, 2/10/17.

[3] We also note that on April 3, 2017, Appellant sought relief from this Court for the PCRA court's entry of a final order denying Appellant's PCRA claims, which he claimed were denied on January 24, 2017. This Court denied Appellant's motion.

In general, appeals are properly taken from final orders. **Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013) (citation omitted). "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." **See** Pa.R.Crim.P. 910.

Here, Appellant purports to appeal from the PCRA court's January 24, 2017 judgment of sentence. However, he focuses solely on the PCRA court's denial of his ineffective assistance claim. Recognizing this fact, the Commonwealth argues that Appellant's appeal is not properly before us, as Appellant is ultimately appealing the disposition of his PCRA petition, not the new sentence imposed on resentencing.

An order granting a new sentencing hearing and denying all other claims in a PCRA petition is a final order. **Commonwealth v. Watley**, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016) (citing **Commonwealth v. Gaines**, 127 A.3d 15 (Pa. Super. 2015) (*en banc*) (plurality)). Accordingly, where an appellant appeals the denial of his PCRA claims, the appealable order is not the resentencing order, but the order that fully disposes of the PCRA claims. **See Gaines**, 127 A.3d at 16-19.

The present case is distinguishable from both **Gaines** and **Watley**, as our review of the record reveals that the PCRA court did not issue **any** order dismissing Appellant's ineffectiveness claims. In fact, the only order pertaining to the disposition of Appellant's PCRA petition is the November 2,

2016 order,[4] which grants Appellant's "motion for PCRA" and denies the Commonwealth's motion to dismiss. *See* Trial Ct. Order, 11/2/16. While the PCRA court may have **intended** to dismiss Appellant's ineffectiveness claims, that is not what the order reflects.[5] Moreover, we have thoroughly reviewed the record and have found no subsequent orders dismissing Appellant's remaining PCRA claims.[6]

Accordingly, we conclude that the PCRA court has yet to enter a final order disposing of all claims raised in the underlying PCRA petition. Therefore, we must quash this appeal.[7]

Appeal quashed.

_____

[4] Notably, the PCRA court, Appellant, and the Commonwealth each assert that Appellant's PCRA claims were denied on November 2, 2016. However, the resulting order does not reflect that disposition.

[5] Pa.R.Crim.P. 908(D)(2) provides, in pertinent part, that if a PCRA petition is granted, the court "promptly shall issue an order **granting a specific form of relief**, and issue any supplementary orders appropriate to the proper disposition of the case." *See* Pa.R.Crim.P. 908(D)(2) (emphasis added).

[6] Additionally, our review of the transcript of the November 2, 2016 conference indicates that although the PCRA court did not address Appellant's ineffective assistance of counsel claims, it did not expressly dismiss them before granting resentencing.

[7] We note that Appellant may file a notice of appeal within thirty days of the date on which the PCRA court enters its final order disposing of Appellant's PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/18