J-S58025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUON MAURICE AMBUSH | : | |
| | : | |
| Appellant | : | No. 412 WDA 2018 |

Appeal from the Judgment of Sentence November 3, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003499-2015,
CP-25-CR-0003806-2015

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                      FILED OCTOBER 09, 2018

Daquon Maurice Ambush (Appellant) appeals from the judgment of sentence imposed after he entered negotiated guilty pleas to five charges at two dockets.   Appellant challenges the validity of his pleas on the basis of counsel's ineffective representation.   We affirm.

On September 15, 2016, Appellant entered guilty pleas at two dockets: at 3499-2015, he pled guilty to one count of possession with the intent to deliver (PWID); at 3806-2015, he pled guilty to one count of carrying a firearm without a license, one count of PWID, driving with a suspended license, and persons not to possess a firearm.

On November 3, 2016, the trial court sentenced Appellant to an aggregate 60 to 120 months of incarceration (12 to 24 months at 3499-2015 and a consecutive 48 to 96 months at 3806-2015).   Appellant did not file a

direct appeal. However, he did file a timely pro se petition for post-conviction relief. The PCRA court appointed counsel and convened an evidentiary hearing on January 25, 2018, after which the court "advised it would deny the ineffective assistance claims for reasons including overwhelming evidence of the validity of the pleas." Trial Court Opinion, 5/9/18, at 3. On February 2, 2018, the court entered an order and opinion "dismissing the substantive PCRA claims," and reinstating Appellant's post-sentence and direct appeal rights nunc pro tunc. Id. The February 2, 2018 order expressly advised Appellant that "with regard to the dismissal of the PCRA claims, [Appellant] shall have thirty (30) days from the date of this Order to file an appeal to the Superior Court of Pennsylvania." Order, 2/2/18.

Appellant did not file a notice of appeal from the February 2, 2018 order. On February 12, 2018, he filed a post-sentence motion challenging the validity of his guilty plea and the discretionary aspects of his sentences. The court denied the post-sentence motion on February 15, 2018. Appellant filed this appeal from the judgment of sentence made final by the denial of the post-sentence motion on March 19, 2018.[1]

_____

[1] Generally, a party must file his or her notice of appeal within thirty days after the entry of the order being appealed. Pa.R.A.P. 903(a). Here, thirty days after February 15, 2018, was March 17, 2018. Because March 17, 2018, was a Saturday, Appellant timely filed his notice of appeal on Monday, March 19, 2018. See 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

Appellant presents a single issue for review:

> Whether [A]ppellant's guilty pleas were not entered in a voluntary, intelligent and willful manner in that the plea proceeding was legally deficient and the entry of the pleas was compromised?

Appellant's Brief at 3.

Appellant challenges the trial court's denial of his request to withdraw his guilty plea. Our standard of review of such a claim is longstanding:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.
>
> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.

Commonwealth v. Kehr, 180 A.3d 754, 756–57 (Pa. Super. 2018) (citations omitted).

Appellant bases his argument solely on plea counsel's alleged ineffectiveness. Appellant argues that "his guilty pleas were not entered in a voluntary, intelligent and knowing manner given that counsel failed to duly represent him and further misinformed him thereby directly inducing him to

_____

enter invalid pleas." Appellant's Brief at 6. Appellant claims that his counsel "failed to complete discovery and review and inform him of the discovery content in advance of evaluating whether to plead guilty." Id. He also asserts "that counsel lied to him about the terms of the plea agreement to which he was entering including the criminal offenses he would be pleading to and the sentencing exposure he was facing." Id. Appellant's indictment of counsel continues with his contention that counsel "advised the appellant that he would lose at trial . . . [and after inducing Appellant to plead guilty] then failed to file a . . . post-sentence motion as well as a motion seeking leave to withdraw the guilty pleas." Id. at 7. Appellant acknowledges that his "claims of ineffective assistance of counsel actually are indistinct from the argument displaying manifest injustice in support of a post-sentencing prayer for relief of leave to withdraw the guilty pleas." Id. at 5.

In Kehr, this Court was presented with a similar scenario where the appellant's "claim [wa]s indistinguishable from an allegation that his plea was involuntarily entered due to the ineffective assistance of plea counsel." 180 A.3d at 760. We explained that "[t]he question of whether that choice was knowing and voluntary in light of counsel's advice is a question that must be raised via an ineffective assistance of counsel claim." Id. We continued:

> In this regard, we note that in Commonwealth v. Holmes, 621 Pa. 595, 79 A.3d 562 (2013), our Supreme Court reiterated its preference that claims pertaining to ineffectiveness be deferred to PCRA review. "By way of summary, we hold that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of

counsel; we disapprove of expansions of the exception to that rule[.]" Id. at 563.

Kehr, 180 A.3d at 760–61.

As discussed above, Appellant raised his guilty plea/ineffectiveness of counsel claim with the trial court in a post-conviction proceeding, including an evidentiary hearing. The court thereafter concluded that "[t]he record establishes Appellant's guilty pleas were knowing, voluntary and intelligent; there were no defects in the plea proceedings; and there was no ineffective assistance of counsel as inducement to plead." Trial Court Opinion, 5/9/18, at 4. Notably:

> On February 2, 2018, the Court filed a written Order dismissing the substantive PCRA claims, and affording [Appellant] the right to file an appeal within thirty (30) days with regard to those claims. However, under the circumstances of the case the Court reinstated [Appellant's] right to file a post-sentence motion and/or direct appeal nunc pro tunc. On February 2, 2018, the Court issued a Memorandum Opinion setting forth the rationale for its determinations. No appeal was taken from the Court's dismissal of the substantive PCRA claims.

Id. at 3 (emphasis added).

Appellant did not file the underlying appeal until March 19, 2018. This Court has explained:

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." Commonwealth v. Pena, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted).

> In general, appeals are properly taken from final orders. See Pa.R.A.P. 341(b)(2) (stating an appeal lies from an order that "is expressly defined as a final order by statute[ ]"). Appellant's entire argument on appeal pertains to ineffectiveness of counsel, which stems from the July 15, 2013 order denying his guilt phase claims for relief under the PCRA. . . . Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides as follows.
>
> > An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.
>
> Pa.R.Crim.P. 910. By its plain text, Rule 910 has no exceptions. It is absolute.

Commonwealth v. Gaines, 127 A.3d 15, 17 (Pa. Super. 2015) (en banc).

Similar to the appellant in Gaines, in this case, "Appellant's entire argument on appeal pertains to ineffectiveness of counsel." See id. at 17. Accordingly, and consistent with Kehr, Appellant should have filed his appeal from the court's February 2, 2018 final order disposing of Appellant's plea and ineffectiveness claim and denying relief. Instead, Appellant has raised the claim erroneously in this direct nunc pro tunc appeal filed on March 19, 2018.[2]

Further, we note that Appellant would not be entitled to relief even if he had properly appealed from the February 2, 2018 order denying his claim of ineffective assistance of plea counsel. See Commonwealth v. Morrison, 878 A.2d 102, 108 (Pa. Super. 2005) (en banc) (concluding guilty plea was not unknowing and involuntary where defendant signed written guilty plea

_____

[2] Thirty days from Friday, February 2, 2018 was Sunday, March 4, 2018. Therefore, to be timely, Appellant would have had to file the appeal by Monday, March 5, 2018.

colloquy form containing statements and information refuting claim). Here, the PCRA court – in its February 2, 2018 order and opinion addressing the precise issues that Appellant now argues on appeal – determined:

> [Appellant's] claims are belied by the record. The record establishes there was no prejudice to [Appellant] with regard to his guilty plea, the plea was not patently defective and [Appellant] was appropriately advised of the permissible range of sentence for the offenses to which he pled guilty and the potential maximum sentences he faced. The transcript from the plea hearing confirms the plea colloquy was conducted in conformance with Pa.R.Crim.P. 590.
>
> At the plea hearing, [Appellant] signed a Statement of Understanding of Rights which was reviewed with him prior to entry of his guilty plea. Tr. Plea Hrg., pp. 2-7. [Appellant] was informed the Court was not bound by the terms of the plea agreement. Tr. Plea Hrg., p. 3. [Appellant] indicated he understood the nature of the charges at both dockets and the factual basis for the pleas. Tr. Plea Hrg., Pp. 7-11. [Appellant] indicated he understood he was presumed innocent and had the right to trial by jury comprised of twelve (12) members from the community. Tr. Plea Hrg., p. 2. Further, at the plea hearing, [Appellant] indicated he understood the maximum sentences and fines which could be imposed. Tr. Plea Hrg., pp. 6-7.

PCRA Court Opinion, 2/2/18, at 8. We emphasize that Appellant completed a comprehensive written guilty plea colloquy, indicating that he understood the charges against him. Id. at 8-9; see also Morrison.

Consistent with the foregoing, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

P.J.E. Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2018