J-S73038-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RYAN PHILLIP BOWERS | : | |
| | : | |
| Appellant | : | No. 838 WDA 2018 |

Appeal from the PCRA Order April 16, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001526-2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.: FILED DECEMBER 28, 2018

Appellant, Ryan Phillip Bowers, appeals from the order entered on April 16, 2018, granting in part and denying in part his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal.

This Court previously summarized the facts underlying Appellant's convictions:

> Appellant was arrested and charged with several crimes stemming from the murder of Michael Anthony Johns (Johns). Appellant and Patrick McCamey (McCamey) arrived at Johns' home with the intention of committing a burglary/robbery. Upon arrival, an altercation ensued, ultimately resulting in Johns' death. Both Appellant and McCamey were stabbed by Johns during the struggle. . . .
>
> Appellant proceeded to a jury trial, and on February 18, 2016 was found guilty of . . . [,] inter alia, robbery, burglary, two counts of second-degree murder, and third-degree murder. . . . On November 25, 2016, Appellant was sentenced to two

concurrent terms of life imprisonment for each count of second-degree murder and concurrent terms of imprisonment of 10 to 20 years for third-degree murder and criminal conspiracy respectively.

Commonwealth v. Bowers, 159 A.3d 603 (Pa. Super. 2016) (unpublished memorandum) at 1-16, appeal denied, 169 A.3d 520 (Pa. 2017).

We affirmed Appellant's judgment of sentence on November 30, 2016 and our Supreme Court denied Appellant's petition for allowance of appeal on May 11, 2017. Id.

On September 15, 2017, Appellant filed a timely, pro se PCRA petition. The PCRA court appointed counsel to represent Appellant and counsel thereafter filed amended petitions on Appellant's behalf. The amended petitions raised two claims: 1) "trial counsel was ineffective when he failed to object to the Commonwealth introducing [Appellant's] confession wherein [Appellant] indicated he was 'on paper'" and 2) "trial counsel was ineffective for failing to raise the illegality of [Appellant's] sentence, in that [Appellant's] sentence constitutes double punishment and violates the Double Jeopardy Clause of the Pennsylvania and United States Constitutions." Appellant's Amended PCRA Petition, 1/8/18, at 2; Appellant's Second Amended PCRA Petition, 3/29/18, at 1 (some internal capitalization omitted).

On January 24, 2018, the PCRA court held an evidentiary hearing on Appellant's claims. See N.T. PCRA Hearing, 1/24/18, at 1-26. On April 16, 2018, the PCRA court entered an order granting in part and denying in part Appellant's petition. Specifically, the PCRA court denied Appellant relief on his first claim and held that his trial counsel was not ineffective for failing to

- 2 -

"object[] and/or mov[e] for a mistrial if the words 'on paper' were broadcast to the jury;" however, the PCRA court granted Appellant relief on his illegal sentencing claim. PCRA Court Order, 4/16/18, at 1. Therefore, the PCRA court vacated Appellant's sentence and scheduled a resentencing hearing for May 4, 2018. Id.

On May 4, 2018, the trial court resentenced Appellant to serve a single term of life in prison for his second-degree murder conviction and to serve a concurrent term of five to 20 years in prison for his criminal conspiracy conviction. N.T. Resentencing Hearing, 5/4/18, at 10-12.

On June 4, 2018, Appellant filed a notice of appeal from the PCRA court's order of April 16, 2018 that disposed of his petition. See Notice of Appeal, 6/4/18, at 1. On appeal, Appellant claims that the PCRA court erred when it denied him relief on his claim that trial counsel was ineffective for failing to "object[] and/or mov[e] for a mistrial if the words 'on paper' were broadcast to the jury." See Appellant's Brief at 4. We must quash this appeal.

"It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered sua sponte. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." Commonwealth v. Trinidad, 96 A.3d 1031, 1034 (Pa. Super. 2014) (internal citations and quotations omitted).

Generally, a notice of appeal must be filed within 30 days after entry of a final order. See Pa.R.A.P. 903(a). Here, the final order was entered on April 16, 2018, when the PCRA court finally disposed of all issues raised in

Appellant's PCRA petition. Commonwealth v. Watley, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016) (holding that an order granting in part and denying in part all issues raised in a PCRA petition is a final order for purposes of appeal) (Commonwealth v. Gaines, 127 A.3d 15, 17-18 (Pa. Super. 2015) (en banc) (plurality)). Therefore, Appellant was required to file his notice of appeal by the end of the day on May 16, 2018. Appellant did not file his notice of appeal until June 4, 2018. Hence, Appellant's notice of appeal is manifestly untimely and we must quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Bender, P.J.E., joins the memorandum.

Gantman, P.J., concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2018

- 4 -