J-S65001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES THOMAS PICARELLA, JR. | : | |
| | : | |
| Appellant | : | No. 981 MDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000472-2013

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 21, 2020**

Charles Thomas Picarella, Jr. appeals *pro se* from the order entered in the Northumberland County Court of Common Pleas on May 15, 2019, rendering Picarella's Post Conviction proceedings as moot based on his acceptance of a negotiated structured resentencing. After careful review, we quash this appeal as untimely.

In May of 2013, Picarella was charged by criminal information with one count of person not to possess a firearm and numerous counts of possession with intent to deliver a controlled substance ("PWID") and related drug offenses. Thereafter, Picarella entered a negotiated guilty plea to all counts. On December 5, 2014, the court sentenced Picarella to an aggregate ten to

_____

[*] Retired Senior Judge assigned to the Superior Court.

twenty years' incarceration. Picarella did not file post sentence motions or a direct appeal.

Approximately two months later, Picarella filed a *pro se* petition seeking leave to file an appeal *nunc pro tunc*. Two weeks after that, Picarella filed a petition seeking leave to proceed *pro se*.

On June 10, 2015, Picarella filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. One month later, Picarella filed an amended *pro se* PCRA petition. The trial court subsequently appointed PCRA counsel.

Two weeks after counsel was appointed, Picarella filed a petition seeking leave to proceed *pro se*. On February 26, 2016, following a waiver of counsel hearing, the trial court granted Picarella leave to proceed *pro se* and counsel was permitted to withdraw. Two weeks later, Picarella filed an amended PCRA petition.

On May 26, 2016, Picarella filed a petition seeking leave to file an amended brief. On June 1, 2016, the court granted the petition, directing Picarella to file an amended brief within 30 days. On June 24, 2016, Picarella requested leave to file an amended petition.

On December 21, 2017, the trial court issued notice of its intent to dismiss Picarella's PCRA petition pursuant to Pa.R.Crim.P. 907. Picarella filed a response requesting leave to file an amended petition. The court granted this relief. On February 8, 2018, Picarella filed an amended petition ("fourth amended petition").

On November 26, 2018, the trial court issued notice of its intent to dismiss Picarella's fourth amended petition pursuant to Rule 907. In the notice, the court found Picarella's first, second, fourth, and fifth claims waived and without merit. However, the court noted that Picarella would be resentenced on all counts because he had been sentenced above the statutory maximum at count five.

In December of 2018, Picarella filed a response to the notice and a motion seeking to stay proceedings so that he could attempt to negotiate a resolution of the issues raised in his PCRA petition with the Commonwealth. The PCRA court subsequently entered an order staying the proceedings.

In response, the Commonwealth filed a motion seeking to lift the stay. They noted they received a letter from Picarella in which he proposed a resolution to the matter that would result in the imposition of a sentence of six years and nine months to thirteen years and six months' incarceration.

The Commonwealth argued the proposed resolution would result in Picarella being sentenced below the terms of the negotiated plea agreement and therefore the Commonwealth would be deprived of the benefit of the agreement. The Commonwealth requested the stay be lifted, the majority of Picarella's petition be dismissed based on the court's Rule 907 notice, and those portions of his petition regarding time-credit and resentencing be granted.

On January 10, 2019, the PCRA court entered an order granting resentencing and denying the remainder of Picarella's PCRA petition based on

the court's reasoning set forth in its Rule 907 notice, and ordered resentencing ("January Order"). On April 25, 2019, the court held a resentencing hearing during which Picarella accepted a negotiated structured resentencing on all counts.

On May 15, 2019, the trial court issued an order stating Picarella's PCRA proceedings were rendered moot, with a waiver of all claims therein, based on his acceptance of the arrangement for a new aggregate sentence ("May Order"). Picarella filed this appeal from the May Order.

Prior to reaching the merits of Picarella's claims on appeal, we must first determine whether we have jurisdiction over this appeal. We may address questions of our jurisdiction *sua sponte*. **See Commonwealth v. Edrington**, 780 A.2d 721, 725 (Pa. Super. 2001).

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all notice[s] of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken. Because this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace.

**Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (citations and internal quotation marks omitted). Generally, this Court has jurisdiction over appeals from final orders. **See** Pa.R.A.P. 341(a). A final order is defined as, among other things, an order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

Picarella filed his notice of appeal from the trial court's May Order. **See**, **e.g.**, Appellant's Brief, at 1 (identifying the order in question as the May 15,

- 4 -

2019 order). However, this was not a final, appealable order as it did not dispose of any parties or matters.[1] Rather, the proper order to appeal from would have been the PCRA court's January Order, as it fully disposed of Picarella's PCRA petition. **See Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa. Super. 2017) (holding that a PCRA court's order granting relief with regard to sentencing and denying all other claims is a final appealable order); **see also Commonwealth v. Watley**, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016).

Picarella's PCRA petition raised several claims, each either challenging his convictions or seeking resentencing. Pursuant to the January Order, the PCRA court granted the sentencing claims and denied all other claims. As a result, the PCRA court's January Order ended collateral proceedings and called for a new sentencing proceeding. Pursuant to **Grove** and **Watley**, this was a final, appealable order.

Picarella's belief that his claims were "not adjudicated and remain live controversy" is belied by the specific language of the January Order.

---

[1] Picarella misstates the effect of each order entered in this case. He characterizes the January Order as simply ordering a resentencing hearing. Picarella fails to mention that in the same order the trial court officially denied the remaining claims in his PCRA petition. He further characterizes the May Order as "dismissing Picarella's PCRA." In reality, the May Order simply acknowledged the finding of the trial court that Picarella's PCRA proceedings were rendered moot due to Picarella's acceptance of the new aggregate sentence on all counts. The May Order had no real legal effect, as the matter it found "moot" had already been disposed of.

Appellant's Brief, at 8; **see also** PCRA Court Order, 1/9/2019. The proper order to appeal from would have been the January Order. Therefore, an appeal should have been filed by February 10, 2019. As the current appeal was filed on June 10, 2019, it is untimely.

Because Picarella's appeal from the May Order was improper and he failed to file a timely notice of appeal from the January Order, we are without jurisdiction, and therefore, compelled to quash this appeal as improper and untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2020