J-S17038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA ELIZABETH BAEZ-ORTEGA | : | |
| | : | |
| Appellant | : | No. 228 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 1, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001065-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED JUNE 25, 2021**

Maria Elizabeth Baez-Ortega (Baez-Ortega) appeals from the September 1, 2020 judgment of sentence[1] entered by the Court of Common Pleas of Berks County (trial court) following her guilty plea to aggravated assault and possession of contraband.[2]  We quash the appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Baez-Ortega's notice of appeal purports to appeal from the judgment of sentence and from the January 13, 2021 order denying her post-sentence motion to modify her sentence.  "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

[2] 18 Pa.C.S. §§ 2702(a)(3) & 5123(a.2).

Only a brief procedural history is necessary to our disposition. On September 1, 2020, Baez-Ortega entered an open guilty plea to one count of aggravated assault and one count of possession of contraband and proceeded immediately to sentencing. The trial court sentenced her to 18 to 36 months' incarceration for the count of aggravated assault and a consecutive period of 3 years' probation for the count of possession of contraband.[3]

Even though Baez-Ortega was represented by counsel, she sent a *pro se* letter to the trial court, docketed on September 8, 2020, requesting reconsideration of her sentence. Subsequently, on September 16, 2020, her counsel filed a motion to file post-sentence motion *nunc pro tunc* and post-sentence motion explaining that he had received Baez-Ortega's request to file a post-sentence motion after the ten-day period for filing the motion had passed.

On October 7, 2020, the trial court granted the motion to file the post-sentence motion *nunc pro tunc*. A hearing on the merits of the post-sentence motion was held on January 12, 2021 and the trial court entered an order denying the motion the following day.[4] On February 9, 2021, Baez-Ortega

---

[3] Baez-Ortega also pled guilty and was sentenced for one count of possession of a controlled substance, 35 P.S. § 780-113(a)(16), at a separate docket number. She did not appeal from the judgment of sentence in that case.

[4] Baez-Ortega then sent a second *pro se* letter requesting reconsideration of her sentence which was docketed on January 26, 2021.

filed a notice of appeal. She and the trial court have complied with Pa. R.A.P. 1925. On appeal, Baez-Ortega challenges the discretionary aspects of her sentence. Before we proceed to the merits of her claim, we must determine whether we have jurisdiction to consider it. **See Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*).

A criminal defendant must file a notice of appeal from her judgment of sentence within 30 days of the imposition of the sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa. R.A.P. 301(a)(2), 903(a). However, if the defendant files a post-sentence motion within ten days following the imposition of her sentence, the motion tolls the period of time for filing a notice of appeal. Pa.R.Crim.P. 720(A)(1)-(2). Under these circumstances, the defendant must file her notice of appeal within 30 days of the order disposing of the motion. **Id.** An untimely post-sentence motion will only toll the appeal period if the defendant requests *nunc pro tunc* relief and the trial court "**expressly permit[s]** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (emphasis in original). This Court lacks jurisdiction to consider an appeal that is not timely filed. **Gaines**, **supra** ("Because this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace." (citation omitted)).

Baez-Ortega was sentenced on September 1, 2020 and did not file her post-sentence motion until September 16, 2020, 15 days after her sentence was imposed.[5] The trial court lacked jurisdiction to grant *nunc pro tunc* relief after October 1, 2020, 30 days after the sentence was imposed. **See** 42 Pa.C.S. § 5505 (allowing for modification or rescission of an order within 30 days after entry if no appeal has been taken). The trial court did not grant the motion to consider the post-sentence motion *nunc pro tunc* until October 7, 2020. This order was entered 36 days after the imposition of the sentence and six days after the time period for filing an appeal had expired. **See** Pa. R.A.P. 301(a)(2), 903(a). As a result, the time period for filing a notice of appeal was not tolled and Baez-Ortega's judgment of sentence became final on October 1, 2020. **Capaldi**, **supra**. Because she did not file her notice of appeal until February 9, 2021, her appeal is untimely and we are without jurisdiction to consider it.

Appeal quashed.

_____

[5] While Baez-Ortega sent a letter to the trial court requesting reconsideration of her sentence on September 8, 2020, she was represented by counsel at that time. It is well-established that there is no right to hybrid representation in Pennsylvania and any *pro se* motions filed by represented defendants are legal nullities. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2021