J-S04007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLEMENT BARRINGTON SWABY | : | |
| | : | |
| Appellant | : | No. 1189 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 15, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001319-2021,
CP-48-CR-0002065-2021, CP-48-CR-0002793-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLEMENT BARRINGTON SWABY | : | |
| | : | |
| Appellant | : | No. 1190 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 15, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001319-2021,
CP-48-CR-0002065-2021, CP-48-CR-0002793-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLEMENT BARRINGTON SWABY | : | |
| | : | |
| Appellant | : | No. 1191 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 15, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001319-2021,
CP-48-CR-0002065-2021, CP-48-CR-0002793-2021

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 30, 2024**

Clement Barrington Swaby appeals from the aggregate judgments of sentence of seventy-five to 150 years of imprisonment, followed by twelve years of probation, imposed upon his convictions of, *inter alia*, rape and involuntary deviate sexual intercourse.  We quash the appeals as untimely.

Given our disposition, we need not provide a detailed recitation of the history of these matters.  It is sufficient to recount that Appellant was charged with numerous offenses in three separate cases involving multiple home invasions, wherein he either sexually assaulted the victims or attempted to do so.  Following a consolidated trial, a jury convicted Appellant of twenty-five crimes.  At a hearing on March 15, 2023, the trial court found Appellant to be a sexually violent predator, and then imposed the aggregate sentence indicated hereinabove.

Appellant filed a motion for reconsideration of sentence in each case, which the court denied on March 20, 2023.  The dockets and the certified records for each matter reflect that the orders denying the motion properly informed Appellant of his right to file an appeal within thirty days and were each served and docketed on that same date pursuant to Pa.R.Crim.P. 114(C) (providing that docket entries must be promptly made and contain the date

- 2 -

of receipt of the order, the date appearing on the order, and the date of service). Accordingly, the last day for filing a timely notice of appeal was Wednesday, April 19, 2023. **See** Pa.R.A.P. 903(a) (establishing that a notice of appeal must be filed within thirty days of the date of entry of the order from which the appeal is taken). Here, Appellant's three counseled notices of appeal were received and docketed by the clerk's office on Thursday, April 20, 2023. This Court independently consolidated the appeals.

Preliminarily, we must address the timeliness of the notices of appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa.Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*."). This Court has stated that "[b]ecause this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace." **Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa.Super. 2015) (*en banc*) (citation omitted). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014) (citations omitted).

Except when an appellant is incarcerated and proceeding *pro se*, a notice of appeal is filed when it is received by the clerk of courts, not when it is deposited in the mail. **See** Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket."). As noted above, since Appellant's counseled

notices of appeal were received on April 20, 2023, they are deemed to be filed on that date. Thus, the record is clear that the appeals were filed thirty-one days after entry of the order denying Appellant's motions for reconsideration of sentence, and therefore were not timely filed.

Further, Appellant does not assert, nor have we uncovered, anything apparent from the certified records that would excuse the late filings. **Cf. Commonwealth v. Patterson**, 940 A.2d 498, 499 (Pa.Super. 2007) (concluding that the trial court's order denying a post-sentence motion did not comply with Pa.R.Crim.P. 720, which constituted a "court breakdown" that permitted this Court to consider Patterson's untimely appeal). We are therefore constrained to quash these untimely appeals for lack of jurisdiction.

Appeals quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2024