J-A02025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
            v.   :
  :
  :
  :
RAYMOND CHARLES WHITE   :
  :
       Appellant   :   No. 607 WDA 2025

Appeal from the PCRA Order Entered April 21, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013546-2000

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:          **FILED: February 24, 2026**

Raymond Charles White (Appellant) purports to appeal from an order dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  Because the PCRA court did not issue an order dismissing Appellant's PCRA petition, we quash the appeal.

This case has a protracted procedural history that we need not detail herein, in light of our disposition.  In short, although Appellant was originally sentenced to life imprisonment, on January 24, 2017, following **Miller v.**

---

[1] Appellant's charges in the instant case arose from the shooting death of Antwan Brooks (Brooks).  A jury convicted Appellant of third-degree murder, **see** 18 Pa.C.S.A. § 2502(c), in 2002.  Appellant has a separate appeal pending before this panel, at 580 WDA 2025, wherein he challenges the dismissal of his PCRA petition filed in connection with an unrelated homicide case at trial court docket CR-0013548-2000.

*Alabama*, 567 U.S. 460, 465 (2012),[2] the trial court resentenced Appellant to 10 to 20 years in prison, to be served consecutive to his sentence at CR-0013548-2000.  We affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal.  *Commonwealth v. White*, 220 A.3d 642, 1818 WDA 2017 (Pa. Super. 2019), *appeal denied*, 222 A.3d 376 (Pa. 2019).

On October 1, 2021, Appellant, represented by the Federal Public Defender's Office, filed the instant, facially untimely PCRA petition.  On May 1, 2023, the Commonwealth filed an answer, arguing Appellant's PCRA petition should be dismissed as untimely filed.  Commonwealth Answer, 5/1/23, at 14-22.

On April 16, 2025, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  In its notice, the PCRA court indicated that Appellant had twenty days to file a response.  *See* Rule 907 Notice, 4/16/25; *see also* Pa.R.Crim.P. 907(1) (requiring a PCRA court to give notice of its intent to dismiss a PCRA petition without a hearing, to which the petitioner may respond within 20 days of the date of the notice).  The docket reflects, however, entry of an "order denying PCRA petition without a hearing," just five days later, on April 21, 2025.  Docket Entry, 4/21/25

---

[2] The *Miller* Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment[.]'" *Miller*, 567 U.S. at 465. Appellant was 17 years old when he shot and killed Brooks.

(capitalization modified). Despite the docket entry, no such order appears in the certified record. Upon informal inquiry by this Court's Prothonotary, the PCRA court confirmed it did not file an order dismissing Appellant's petition, and offered no explanation of the docket entry indicating otherwise.

Appellant purported to file his notice of appeal from "the [f]inal [o]rder dismissing" Appellant's PCRA petition. Notice of Appeal, 5/21/25. **But see** Appellant's Brief at 15 ("On April 21, 2025, [the PCRA court] dismissed [Appellant's] PCRA [petition] with no written order."); Commonwealth Brief at 7 ("[O]n April 21, 2025, a final order dismissing [Appellant's PCRA] petition was entered on the docket."). Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Initially, we must address whether this appeal is properly before us. We may raise issues concerning our jurisdiction *sua sponte*. **See Commonwealth v. Torres**, 327 A.3d 640, 645 (Pa. Super. 2024).

"As a general rule, … appellate courts have jurisdiction only over appeals taken from a final order." **Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013) (citation omitted). "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910; **see also id.**, cmt ("Disposition without a hearing under Rule 907(A) and (B)… constitutes a final order under this rule."). We have observed that, "[b]y its

plain text, Rule 910 has no exceptions.  It is absolute." ***Commonwealth v. Gaines***, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*).

Further, Pa.R.A.P. 301(b) requires that "[e]very order shall be set forth in a separate document."  Pa.R.A.P. 301(b).  Concerning Rule 301(b), we have observed that "where there is no order, there can be no appeal." ***Commonwealth v. Hensel***, 12, 13 & 14 WDA 2019, 224 A.3d 740 (Pa. Super. filed Nov. 4, 2019) (unpublished memorandum at 5); ***see also*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Instantly, as stated above, no order dismissing Appellant's PCRA petition was ever filed.  Because there is no final order, we lack jurisdiction and must quash this appeal.[3]

Appeal quashed.

---

[3] Upon regaining jurisdiction, should the PCRA court persist in its intention to dismiss Appellant's petition without a hearing, the PCRA court must afford Appellant 20 days to respond to its Rule 907 notice.  ***See*** Pa.R.Crim.P. 907(1); ***see also Commonwealth v. Wooden***, 215 A.3d 997, 1001 (Pa. Super. 2019) ("A PCRA court's compliance with Rule 907 is mandatory.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/24/2026