J-S09045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS RAMEY | : | |
| | : | |
| Appellant | : | No. 2630 EDA 2019 |

Appeal from the PCRA Order Entered August 27, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001422-2013

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      **FILED APRIL 06, 2020**

Appellant, Marquis Ramey, appeals *pro se* from the August 27, 2019 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

At 4:00 am on October 17, 2012, Darby Borough Police Department officers responded to a report of an attempted burglary, in which the perpetrator attempted to kick in the back door of a home.  The homeowner described the perpetrator as a black man wearing a hooded sweatshirt who drove away from the scene in a blue Buick with a gray side panel.  Another witness confirmed the description of the automobile.  Appellant was stopped a short-time later and attempted to flee from the officers.  Appellant was found

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

with a clear latex glove, and he informed officers that he had just gotten off the trolley from Philadelphia, even though the trolleys were not running at that time. Officers then located the blue Buick several blocks away and seized a pistol, a revolver, more latex gloves, and a crowbar from the vehicle. Both of the firearms had previously been reported stolen.

Following a non-jury trial, Appellant was found guilty on August 25, 2014 of loitering and prowling at night time, possessing an instrument of crime, receiving stolen property, possession of a firearm by an unauthorized person, carrying a firearm without a license, and criminal conspiracy.[2] On November 12, 2014, Appellant was sentenced to an aggregate term of confinement of 9 to 20 years. Appellant filed a timely notice of appeal of the judgment of sentence. On January 13, 2016, this Court affirmed the judgment. *See Commonwealth v. Ramey*, No. 3513 EDA 2014 (Pa. Super filed January 13, 2016) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Supreme Court denied on August 23, 2016. *See Commonwealth v. Ramey*, 145 A.3d 725 (Pa. 2016) (table).

On November 14, 2016, Appellant filed, *pro se*, his first PCRA petition. The PCRA court appointed counsel, but Appellant filed several petitions to remove appointed counsel and proceed *pro se*. After a *Grazier* hearing,[3] the PCRA court granted Appellant's request and permitted him to proceed *pro se*.

_____

[2] 18 Pa.C.S. §§ 5506, 907(a), 3925(a), 6105(a)(1), 6106(a)(1), and 903, respectively.

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

On December 27, 2017, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing in 20 days pursuant to Rule of Criminal Procedure 907.  On February 26, 2018, the PCRA court dismissed the PCRA petition.  Appellant appealed, and this Court affirmed on February 21, 2019. *See Commonwealth v. Ramey*, No. 819 EDA 2018 (Pa. Super filed February 21, 2019) (unpublished memorandum).

On March 7, 2019, Appellant filed, *pro se*, a second PCRA petition.  On March 21, 2019, Appellant filed a motion for DNA testing pursuant to Section 9543.1 of the PCRA, 42 Pa.C.S. § 9543.1, in which he sought DNA testing of the firearms recovered from the blue Buick.  Appellant then filed an amended PCRA petition on April 18, 2019 in which he included his request for DNA testing of the firearms.  On April 30, 2019, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing.  Appellant then filed an amended motion for DNA testing on May 17, 2019.  On July 10, 2019, the PCRA court vacated its previous notice of intent to dismiss and issued a revised notice of intent to dismiss Appellant's second PCRA petition without a hearing.  On that same date, the PCRA court entered an order denying Appellant's motion for DNA testing.  On July 25, 2019, Appellant filed a motion for reconsideration of the July 10th order denying his motion for DNA testing.  On August 27, 2019, the PCRA court entered an order dismissing Appellant's second PCRA petition without a hearing and denying his motion for

reconsideration. Appellant filed a timely notice of appeal of the court's August 27th order.[4]

Appellant presents the following issues on appeal:

[1.] Whether the Appellant meets any of the requirements set forth in § 9543.1 post-conviction DNA testing?

[2.] Whether the P.C.R.A. Court erred when it concluded that "the results of any DNA testing will not demonstrate the Appellant's 'actual innocence' regardless of the results"?

Appellant's Brief at 3 (PCRA court disposition omitted).

Prior to reaching Appellant's issues, we first must address the Commonwealth's argument that Appellant's notice of appeal was untimely filed. Rule of Appellate Procedure 903 provides that a notice of appeal must be "filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The timeliness of an appeal is a jurisdictional question, and the time fixed by statute or rule for an appeal may not be extended as a matter of grace or indulgence. *Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa. Super. 2015).

The Commonwealth is correct that Appellant did not file a notice of appeal within 30 days of the PCRA court's July 10, 2019 order denying his motion for DNA testing. The appeal period for challenging the July 10th order ran on August 9, 2019, but Appellant did not file his notice of appeal until September 5, 2019. Appellant did file a motion for reconsideration of the July

---

[4] Appellant filed his concise statement of errors complained of on appeal on September 23, 2019. The PCRA court filed its opinion on October 24, 2019.

- 4 -

10th order on July 25, 2019, but this motion did not toll the appeal period. *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000). However, we observe that Appellant amended his PCRA petition on April 18, 2019 to expressly include a request for DNA testing. *See* Amended PCRA Petition, 4/18/19, at 2 (requesting that the PCRA court "order a post-conviction DNA test[]"). The PCRA court entered its order dismissing Appellant's second PCRA petition on August 27, 2019. Appellant filed his notice of appeal on September 5, 2019 and expressly referenced the PCRA court's August 27th order in the notice. In light of the fact that Appellant included his request for DNA testing in his second PCRA petition and he filed his notice of appeal within 30 days of the denial of the PCRA petition, we conclude that Appellant's appeal of his request for DNA testing was timely to the extent that issue was included in the petition.[5]

Turning to the merits of Appellant's appeal, we conclude that the PCRA court properly denied the request for DNA testing. Our standard of review of a request for DNA testing under Section 9543.1 of the PCRA is whether the PCRA court's determination is supported by the evidence of record and free from legal error. *Commonwealth v. Kunco*, 173 A.3d 817, 823 (Pa. Super. 2017). "This Court can affirm a PCRA court's decision on a motion for post-

---

[5] Appellant also claimed in his second PCRA petition that his trial counsel did not provide effective assistance of counsel, however Appellant did not preserve any ineffective assistance issues in his concise statement of errors complained of on appeal nor did he raise any such issues in his appellate brief.

conviction DNA testing if there is any basis to support it, even if this Court relies on different grounds to affirm." *Id.*

Under Section 9543.1(a)(2), DNA testing of evidence discovered prior to the applicant's convictions is permitted only if

> the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(2); *Commonwealth v. Walsh*, 125 A.3d 1248, 1254, 1257 (Pa. Super. 2015) (stating that the applicant must satisfy "threshold requirements [of Section 9543.1(a)] necessary to obtain post-conviction DNA testing"). "A petitioner, therefore, does not meet the requirements of [Section] 9543.1(a)(2) if the technology existed at the time of his trial, the verdict was rendered after January 1, 1995, and the court never refused funds for the testing." *Commonwealth v. Perry*, 959 A.2d 932, 938-39 (Pa. Super. 2008) (citation, quotation marks, and brackets omitted).

The PCRA court determined that Appellant failed to meet the threshold showing of Section 9543.1(a)(2). As the court explained:

> The evidence for which [Appellant] now requests DNA testing was discovered and known to [Appellant] prior to trial in 2014. He, therefore, had to establish that DNA testing was not previously conducted because: a) the technology for testing did not exist at the time of his trial; b) his counsel did not request testing in a

- 6 -

case that went to verdict before January 1, 1995; or c) his counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigence.

In the instant case, [Appellant] never previously requested DNA testing when he had the opportunity to request same. [Appellant's] trial occurred in 2014, long after DNA technology was available.

PCRA Court Opinion, 10/24/19, at 3-4 (citations omitted). The record supports the PCRA court's conclusion. The firearms were known and available for DNA testing at the time of Appellant's trial, the trial occurred in August 2014 after the January 1, 1995 date set forth in the statute and the widespread prevalence of DNA testing, and Appellant's counsel never requested funds for the testing of the firearms prior to or during his trial. Therefore, Appellant did not satisfy Section 9543.1(a)(2). **See Walsh**, 125 A.3d at 1257 (petitioner did not satisfy Section 9543.1(a)(2) where the trial occurred in 2004 when DNA testing was available and the trial court did not refuse a request for funds for testing); **Perry**, 959 A.2d at 939 (affirming dismissal of request for DNA testing based upon failure to meet Section 9543.1(a)(2) requirements where the petitioner was tried and convicted in 2003 and the court did not refuse a request for funds for testing).

Based upon the above, we affirm the court's August 27, 2019 order.[6]

_____

[6] The PCRA court also determined that Appellant did not make a *prima facie* showing that any DNA evidence collected from the firearms would establish his actual innocence as required by Section 9543.1(c)(3) and (d)(2). PCRA Court Opinion, 10/24/19, at 4-5. Appellant likewise challenges this issue on appeal. As a result of our conclusion that the PCRA court properly ruled that

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>4/6/2020</u>

---

Appellant did not satisfy the threshold requirements of a request for DNA testing under Section 9543.1(a), we need not reach the actual innocence issue.