J-S20005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANATOLIY V. VERETNOV | : | |
| | : | |
| Appellant | : | No. 1081 MDA 2020 |

Appeal from the PCRA Order Entered July 28, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001128-2010,
CP-14-CR-0001137-2010, CP-14-CR-0001160-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANATOLIY V. VERETNOV | : | |
| | : | |
| Appellant | : | No. 1082 MDA 2020 |

Appeal from the PCRA Order Entered July 28, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001128-2010,
CP-14-CR-0001137-2010, CP-14-CR-0001160-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANATOLIY V. VERETNOV | : | |
| | : | |
| Appellant | : | No. 1083 MDA 2020 |

Appeal from the PCRA Order Entered July 28, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001128-2010,

CP-14-CR-0001137-2010, CP-14-CR-0001160-2010

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 04, 2021**

Appellant Anatoliy V. Veretnov appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends that his trial counsel was ineffective because counsel failed to object to identification evidence and failed to object to prejudicial remarks in the Commonwealth's closing argument.  Appellant also contends his prior PCRA counsel was ineffective for not raising these claims in his prior PCRA petition.  We affirm.

A previous panel of this Court summarized the procedural history of this case as follows:

> Appellant's trial was joined with the trials of three codefendants, Alexi Semionov (Semionov), Maksim Illarionov (Illarionov), and Dmitriy Litvinov (Litvinov), facing similar charges.
>
> On February 9, 2011, the consolidated trial [(first trial)] of the four codefendants began.  After three days of trial, however, codefendant Semionov decided to enter a guilty plea.  The Commonwealth thereafter informed the trial court of its intention to call Semionov as a witness against the remaining three codefendants.  Upon the motion of all defendants, the trial court granted a mistrial on February 14, 2011.

***Commonwealth v. Veretnov***, 1979 MDA 2012, 2013 WL 11253373, at *1

(Pa. Super. filed Sept. 10, 2013) (unpublished mem.) (formatting altered).

---

[1] 42 Pa.C.S. §§ 9541-9546.

During the first trial, the victim for the charges under docket number CP-14-CR-1128-2010, Min Suh (victim),

> had trouble seeing [Appellant] in the courtroom, to which [the Commonwealth] mused to the [trial] court that the victim should be able to get a closer look. After the [trial c]ourt recessed for lunch, the victim was seated on a bench across from the elevators outside the courtroom with [an assistant district attorney]. It was during this time that [Appellant] was brought out of the elevator with his co-defendant, likely in handcuffs and shackles as is customary procedure in Centre County. . . . [T]he victim . . . did not identify [Appellant] until immediately after the lunch break when he stated that he saw [Appellant] in front of the elevator.

PCRA Ct. Op. & Order, 7/28/20, at 5 (record citation omitted).

Appellant's second joint trial with Illarionov and Litvinov began on June 18, 2012. "During the second trial, the victim again testified that the first time he identified [Appellant] was in front of the elevator." *Id.* (record citation omitted). "The victim also testified that he immediately recognized [Appellant] upon exiting the elevator during the [first] trial, despite [Appellant] having changed his appearance, and stating 'that one is the driver.'" *Id.* at 7 (record citation omitted). The victim also gave a detailed description of Appellant's appearance during the night of the robbery. *Id.* at 7-8.

Also, during Appellant's second trial, "co-defendant Litvinov's confession [was] introduced by way of a transcript of a call between [Litvinov] and Lindsay Coatman[, which] was . . . redacted to remove all descriptions and references to [Appellant] other than 'the guy that was on the computer.'" PCRA Ct. Op., 11/6/20, at 6. Coatman testified "that when he met

[Appellant], he saw him at the computer . . . ." ***Id.*** at 7. During closing arguments, the Commonwealth referred to both Litvinov's redacted confession and Coatman's testimony, implying that Appellant was the "guy that was on the computer" referenced in Litvinov's redacted confession. ***Id.*** at 5, 8; PCRA Ct. Op. & Order, 7/28/20, at 9.

A subsequent panel of this Court summarized the subsequent procedural history as follows:

On June 22, 2012, at docket number CP-14-CR-1128-2010, Appellant was found guilty by a jury of one count each of robbery, theft by unlawful taking or disposition, receiving stolen property, kidnapping, and simple assault, and three counts of criminal conspiracy. At docket number CP-14-CR-1137-2010, the jury determined that Appellant committed one count of robbery, criminal attempt, and criminal conspiracy to commit robbery and two counts of simple assault and reckless endangerment. For purposes of docket number CP-14-CR-1160-2010, Appellant was found guilty of one count each of theft by unlawful taking or disposition, receiving stolen property, and criminal mischief, seven counts of robbery, and nine counts of criminal conspiracy.

On July 20, 2012, the court imposed a judgment of sentence of thirty and one-half to sixty-one years imprisonment, and we affirmed. Our Supreme Court denied allowance of appeal on February 6, 2014. ***Commonwealth v. Veretnov***, 85 A.3d 484 (Pa. 2014). [Ronald McGlaughlin, Esq. (trial counsel) represented Appellant at trial and on direct appeal.]

On December 24, 2014, Appellant filed a timely PCRA petition, and [the PCRA court appointed Justin P. Miller, Esq., as PCRA counsel]. [Attorney Miller] filed an amended PCRA petition accusing trial counsel of ineffectiveness in one respect: for failing to call Pennsylvania State Trooper Leigh Barrows as a witness. The PCRA court issued a notice of its intent to dismiss that petition without a hearing, and, on November 9, 2015, an order was docketed denying PCRA relief. In the order, the PCRA court determined that trial counsel was not ineffective for neglecting to call the witness in question. On November 2[4], 201[5], Appellant

- 4 -

filed a document of record complaining about [Attorney Miller's] failure to raise other issues that Appellant wanted the court to consider in that timely PCRA proceeding.

Three months later, on February 11, 2016, Appellant filed a second petition for PCRA relief, maintaining that he should be granted the right to file a *nunc pro tunc* appeal from the denial of PCRA relief because [Attorney Miller] abandoned him by not pursuing a requested appeal from the November 9, 201[5] order denying PCRA relief and because he never received the court's Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. On August 8, 2016, the February 11, 2016 petition was granted, and Appellant's appellate rights were reinstated. [The following day, the PCRA court appointed Julian G. Allat, Esq. as counsel.] . . .

On appeal, Appellant claims that "previous court-appointed PCRA counsel, [Attorney Miller,] provided ineffective assistance during collateral review proceedings in the instant matter . . . ."

***Commonwealth v. Veretnov***, 1467 MDA 2016, 2017 WL 4675918, at *1-2

(Pa. Super. filed Oct. 17, 2017) (unpublished mem.) (some citations and

footnote omitted). The PCRA court filed a Pa.R.A.P. 1925(a) opinion

requesting that this Court remand the matter for the PCRA court to consider

Appellant's claims that Attorney Miller rendered ineffective assistance as PCRA

counsel because Appellant did not receive the Rule 907 notice before his

petition was dismissed. ***Id.*** at *2. This Court agreed and remanded this

matter to the PCRA court to consider the merits of Appellant's claims regarding

Attorney Miller's ineffectiveness. ***Id.***

The PCRA court summarized the procedural history following remand as

follows:

On March 6th, 2018, this court issued a notice of intention to dismiss [Appellant's] PCRA [petition] pursuant to Pa.R.Crim.P. 907. [Appellant] subsequently filed objections to the notice and

requested an extension to file an amended PCRA [petition]. [The PCRA court granted Appellant's request to file an amended petition, and Appellant] filed his amended PCRA [petition] on September 17th, 2018. On February 6th, 2019, this court again issued a notice of intent to dismiss the PCRA [petition]. [Appellant] filed his objections on March 18th, 2019, and on March 22nd, 2019, this court sustained [Appellant's] objections and granted [Appellant] leave to amend his PCRA [petition]. An evidentiary hearing was held on October 10th, 2019, in which the Commonwealth conceded [Appellant] would need to be resentenced pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013).

PCRA Ct. Op. & Order, 7/28/20, at 2 (formatting altered). We add that trial counsel and Appellant testified at the October 10, 2019 evidentiary hearing. Attorney Miller, Appellant's previous PCRA counsel, did not testify at this hearing.

On July 28, 2020, the PCRA granted Appellant's PCRA petition in part, ordering that he be resentenced pursuant to ***Alleyne***, and denied the petition in all other respects.[2] ***Id.*** at 11. Appellant timely filed notices of appeal.[3] Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for our review:

_____

[2] The PCRA court's July 28, 2020 order granting resentencing and denying Appellant's PCRA petition in all other respects is a final order for purposes of appeal. ***See Commonwealth v. Gaines***, 127 A.3d 15, 19 (Pa. Super. 2015) (*en banc*) (holding that the PCRA court's order, which granted resentencing but denied all other claims for PCRA relief, was a final appealable order).

[3] Appellant filed a separate notice of appeal at each docket number pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). This Court, *sua sponte*, consolidated these cases on October 28, 2020. ***See*** Pa.R.A.P. 513.

1. Whether the [PCRA] court erred by denying Appellant['s] . . . PCRA petition alleging the ineffectiveness of trial counsel where trial counsel was ineffective for failing to object to the in-person identification of Appellant by Commonwealth witness Min Suh on the basis of prosecutorial misconduct where the attorney for the Commonwealth in bad faith sought to prejudice Appellant by subjecting Appellant to a suggestive, pretrial "lineup" procedure without the presence of counsel?

2. Whether the [PCRA] court erred by denying Appellant['s] . . . PCRA petition alleging the ineffectiveness of trial counsel where trial counsel was ineffective for failing to object to the prosecutor's reference during closing arguments to statements made by a co-defendant that specifically implicated Appellant in violation of the trial court's January 14, 2011 order redacting said statements pursuant to **Bruton v. United States**?[4]

Appellants' Brief at 6 (formatting altered).

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinions. **See** PCRA Ct. Op., 11/6/20, at 2-9; PCRA Ct. Op. & Order, 7/28/20, at 4-10. Specifically, we find that the PCRA court properly concluded that Appellant failed to establish that he was prejudiced by trial counsel's failure to object to the identification evidence because trial counsel cross-examined the victim about his identification of Appellant and there was other evidence linking Appellant to the robbery. **See** PCRA Ct. Op., 11/6/20, at 4-5; PCRA Ct. Op. & Order, 7/28/20, at 8. Additionally, we agree with the PCRA court that that Appellant failed to properly plead, in his September 17, 2020 PCRA petition (as amended), all three elements of an ineffective assistance of

---

[4] **Bruton v. United States**, 391 U.S. 123 (1968).

counsel claim with respect to Attorney Miller not raising trial counsel's ineffectiveness regarding the identification issue in a prior PCRA petition, which is required as part of a layered claim of ineffective assistance of counsel. *See* PCRA Ct. Op., 11/6/20, at 2-3, 5. Furthermore, we agree with the PCRA court that Appellant failed to prove at the evidentiary hearing that Attorney Miller was ineffective because he did not call Attorney Miller as a witness. *See id.* at 3, 5.

We also find that the PCRA court properly concluded that the *Bruton* claim underlying Appellant's second layered claim of ineffective assistance of counsel is meritless.[5] *See* PCRA Ct. Op., 11/6/20, at 5-9; PCRA Ct. Op. & Order, 7/28/20, at 8-10.

_____

[5] We note that Appellant also failed to establish his layered claim of ineffective assistance of counsel with respect to the *Bruton* issue because he only pleaded boilerplate claims of Attorney Miller's ineffectiveness in his September 17, 2020 PCRA petition (as amended) and his appellate brief. *See Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (stating "[b]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective" (citation omitted)), *appeal denied*, 216 A.3d 1029 (Pa. 2019); *and Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (stating "[w]here the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney" (citations omitted)).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/4/2021

**IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA       :
      :     No. CP-14-CR-1128-2010
v.       :     No. CP-14-CR-1137-2010
      :     No. CP-14-CR-1160-2010
ANATOLIY VERETNOV,       :
      :

*Attorney for the Commonwealth:*       *Amanda K. Chaplin, Esq.*
*Attorney for Petitioner:*       *Julian Allatt, Esq.*

### Opinion in Response to Matters Complained of on Appeal

**Marshall, J.**

Anatoliy Veretnov ("Petitioner") filed an appeal on August 21, 2020, to the Order entered July 28, 2020 denying Petitioner's post-sentence motion. Petitioner filed a Concise Statement of Matters Complained of on Appeal on September 29, 2020. Upon review of Petitioner's Statement, this Court respectfully maintains that no error was committed. By way of further explanation, the Court respectfully submits this Opinion pursuant to Pa.R.A.P. 1925(a).

### Discussion

Petitioner raises four (4) issues in his Concise Statement of Matters Complained of on Appeal. The first two issues raised by Petitioner relate to whether the Court erred by denying Petitioner's claims of ineffective assistance of counsel where trial counsel failed to object to the in-court identification and testimony by the Commonwealth's witness, Min Suh, where the Commonwealth allegedly sought to prejudice Petitioner by subjecting him to a suggestive, pretrial line-up without the presence of counsel. Petitioner's third and fourth issues involve whether the Court erred by denying Petitioner's claims of ineffective assistance of counsel and violation of the Constitution of the Commonwealth and/or the Constitution and laws of the

⊠O    ☐RD    ☐S



United States where the prosecutor referenced statements made by a co-defendant which implicated Petitioner in violation of the Court's Order made pursuant to *Bruton v. United States*.

## I. The Line-Up and Identification Issues

Petitioner's first and second issues raised on appeal are layered ineffectiveness claims. Petitioner claims Justin Miller, Esq., Petitioner's appointed attorney for his Post-Conviction Relief Act ("PCRA") Petition, provided ineffective assistance of counsel in failing to raise claims that Petitioner's trial counsel, Ronald McGlaughlin, Esq., was ineffective for failing to object to the in-court identification and testimony of Min Suh. There is always a presumption that counsel was effective. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987). To overcome this presumption and prove ineffective assistance of counsel, Petitioner must establish "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Chmiel*, 612 Pa. 333, 361, 30 A.3d 1111, 1127 (2011). When a defendant alleges a layered ineffectiveness claim, as Petitioner has in this case, "he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 2012 PA Super 199, 55 A.3d 1177, 1190 (Pa. Super. Ct. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Id.*

In this case, Petitioner has failed to properly address the effectiveness of Attorney Miller and only argued Attorney McGlaughlin was ineffective. In his PCRA Petition, Petitioner claims that if the trial counsel was ineffective, then subsequent PCRA counsel cannot be deemed

effective for failing to raise the underlying issue. Petitioner states that because any issues regarding previous PCRA counsel's layered ineffectiveness for failure to raise claims require analysis of the underlying claims of trial counsel's ineffectiveness, it would be superfluous for the Court to review claims of PCRA counsel's ineffectiveness. The Court disagrees.

If Petitioner were able to prove Attorney McGlaughlin was ineffective, then that would only satisfy the first element (the underlying legal claim has arguable merit) of Petitioner's ineffectiveness claim against Attorney Miller. Petitioner would still have to prove the second and third elements in order to successfully assert a claim of ineffectiveness against Attorney Miller. There is a presumption that Attorney Miller was effective, and the burden is on Petitioner to prove by a preponderance of the evidence that Attorney Miller was ineffective. For a defendant to succeed on a layered ineffectiveness claim, "he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Rykard*, 55 A.3d at 1190.

Here, Petitioner has not properly argued each prong of the three-prong ineffectiveness test for Attorney Miller. Petitioner has entirely failed to address whether Attorney Miller had any reasonable basis for his action or inaction, and whether Petitioner suffered prejudice because of Attorney Miller's ineffectiveness. The Court "will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that 'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Chmiel*, 612 Pa. at 361–62, 30 A.3d at 1127. The Court will not simply assume Attorney Miller had no reasonable basis for his action or that Petitioner suffered prejudice. Petitioner failed to call Attorney Miller as a witness at the evidentiary hearing and there is nothing in the record showing Attorney Miller had no reasonable basis for his actions.

3

Petitioner has also failed to prove the first prong of the ineffectiveness test against both Attorney McGlaughlin and Attorney Miller. Petitioner has not established that Attorney McGlaughlin provided ineffective assistance of counsel by failing to object to Min Suh's in-court identification and testimony concerning his alleged previous identification at the pretrial line-up. As discussed in the Court's Opinion and Order dated July 28, 2020, Attorney McGlaughlin was not ineffective for failing to object to Min Suh's identification because his identification of Petitioner was the result of an independent basis and, therefore, was reliable and admissible. Attorney McGlaughlin thoroughly questioned Min Suh's identification on cross-examination and addressed his testimony about his prior out of court identification of Petitioner.

Even assuming Attorney McGlaughlin's failure to object to Min Suh's identification and testimony satisfied the arguable merit and reasonable basis prongs of the ineffectiveness test, Petitioner failed to plead and prove the degree of prejudice necessary to make an actionable claim. "To establish the third, prejudice prong, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Chmiel*, 612 Pa. at 362, 30 A.3d at 1127–28. The Pennsylvania Supreme Court has held that "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a defendant's burden to prove that counsel was ineffective." *Commonwealth v. Paddy*, 609 Pa. 272, 292, 15 A.3d 431, 443 (2011).

In his PCRA Petition, Petitioner simply states that he has been significantly prejudiced by the failure of Attorney McGlaughlin to raise this issue before the Court. Petitioner argues the out of court identification was introduced at trial in order to bolster Min Suh's in-court identification of Petitioner. However, Attorney McGlaughlin did raise this issue on cross-examination in an attempt to discredit Min Suh's identification. There was also more evidence linking Petitioner to

4

the kidnapping and robbery of Min Suh which was used to convict Petitioner. The incident at the End Zone, the testimony of Tim Henry that co-defendant Litvinov stated the other person involved in the robbery went to the club, the testimony of Vladimir Yakunin about the .45 caliber handgun used during the robbery, and Min Suh's identification of the gun used during the robbery were all used to convict Petitioner. Petitioner's boilerplate allegations of prejudice are not enough to satisfy Petitioner's burden to prove Attorney McGlaughlin was ineffective. Petitioner has not shown there is a reasonable probability that the outcome of the proceedings would have been different but for Attorney McGlaughlin's ineffectiveness.

Given that Petitioner has failed to prove that Attorney McGlaughlin provided ineffective assistance of counsel for failing to object to the identification, Attorney Miller cannot be found ineffective for failing to raise the issue in the Petitioner's prior PCRA Petition. Even if Petitioner had proven Attorney McGlaughlin was ineffective, Petitioner has failed to properly plead and prove the three elements necessary to support a finding that Attorney Miller was ineffective. Accordingly, the Court did not err in denying Petitioner's requested relief and Petitioner's appeal should be denied.

## II. The *Bruton* Issues

Petitioner's third issue complained of on appeal involves alleged ineffective assistance of counsel by Attorney McGlaughlin for failing to object to the prosecutor's statement during closing arguments referencing co-defendant Litvinov's confession implicating Petitioner, which Petitioner claims violated the Court's January 14, 2011 Order redacting co-defendant's statement pursuant to *Bruton v. United States*. Petitioner's final issue complained of on appeal concerns whether the prosecutor's statement during closing arguments constituted a violation of the Constitution of the Commonwealth and/or the Constitution or laws of the United States which so

5

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Both of these issues raised by Petitioner depend upon a finding that a *Bruton* violation occurred.

In *Bruton*, the U.S. Supreme Court held that the admission of a non-testifying co-defendant's confession which implicated the defendant at a joint trial constituted prejudicial error even when the Court gave a jury instruction that the confession could only be used against the co-defendant and must be disregarded with respect to the defendant. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The admission of a non-testifying co-defendant's confession that inculpates a defendant would violate the Confrontation Clause of the Sixth Amendment. However, the U.S. Supreme Court limited the holding in *Bruton* to a co-defendant's confession that is facially incriminating, and exempted those statements that were incriminating to a defendant only after connection with or linkage to other evidence properly admitted at trial. *See Richardson v. Marsh*, 481 U.S. 200, 208, 107 S.Ct. 1702, 1707, 95 L.Ed.2d 176 (1987); *see also Commonwealth v. Roney*, 622 Pa. 1, 50, 79 A.3d 595, 624 (2013). Courts have held that a co-defendant's confession will be admissible where the prosecution redacts the statement by "substituting the neutral phrase 'the guy' or 'the other guy' for the defendant's name..." *Commonwealth v. Cannon*, 610 Pa. 494, 22 A.3d 210, 218 (2011) (*citing Commonwealth v. Travers*, 564 Pa. 362, 768 A.2d 845, 851 (2001)).

Here, co-defendant Litvinov's confession introduced by way of a transcript of a call between co-defendant and Lindsay Coatman was properly redacted to remove all descriptions of and references to Petitioner other than "the guy that was on the computer." Co-defendant's confession was also accompanied by a limiting instruction provided by the Court. Co-defendant's confession only became incriminating when it was linked to other evidence properly

6

introduced at trial. Mr. Coatman's testimony that when he met Petitioner, he saw him at the computer, allowed the jury to infer co-defendant was referring to Petitioner in his confession. Since the confession was not incriminating on its face, and became so only when linked with evidence properly introduced later in the trial, it was permissible under *Bruton*. Therefore, the admission of the redacted transcript and Mr. Coatman's testimony did not violate the Court's Order or the Confrontation Clause.

The prosecutor's statement referencing co-defendant's confession was also permissible under *Bruton*. The U.S. Supreme Court has not extended the reach of *Bruton* to comments made by counsel. *See Roney*, 622 Pa. at 57–58, 79 A.3d at 629.; *see also Cannon*, 22 A.3d at 218; *Commonwealth v. Brown*, 592 Pa. 376, 396, 925 A.2d 147, 158 (2007). The Third Circuit has held that *Bruton* doesn't apply "when the attorney for a co-defendant implicates a defendant during a closing argument ... because the arguments of counsel are simply not evidence." *Id.* (*quoting United States v. Sandini*, 888 F.2d 300, 310-11 (3d Cir.1989)). Although those courts have not found that *Bruton* applies to counsel's statements, the Pennsylvania Supreme Court has stated that there could be a circumstance where a prosecutor's commentary would violate *Bruton. Id.* at 159.

Such a circumstance "may arise when a prosecutor discloses to the jury that the co-defendant's statement has been redacted and unequivocally identifies the defendant as the individual whose name was removed." *Cannon*, 22 A.3d at 218. In *Brown*, the Pennsylvania Supreme Court established a high standard which must be met in order for the Court to apply *Bruton* to a prosecutor's opening or closing arguments. A *Bruton* violation would only be found where a prosecutor said something along the lines of: "You heard the co-defendant's confession, which also described the actions of someone he identified only as 'the other guy;' well, I'm here

7

to tell you that 'the other guy' he was speaking of was the defendant and we just changed the wording of the statement." *Brown*, 925 A.2d at 159. A prosecutor's statement would not violate *Bruton* where it affected the redaction only indirectly and by inference, the statement was isolated, and the prosecutor made no further reference to the redacted statement. *Id.* at 160.

Here, the prosecutor's statement does not meet the high standard established by the Court in *Brown*. The prosecutor never disclosed that co-defendant Litvinov's confession had been redacted or unequivocally identified Petitioner as the individual whose name was removed. The prosecutor affected the redaction only indirectly and by inference based on Mr. Coatman's testimony. The prosecutor's statement was an isolated incident and there was no other reference to the redacted statement in the rest of the prosecutor's closing argument. The record indicates that Petitioner's name was never used in co-defendant's confession, and the prosecutor's use of Petitioner's name during closing was not so prejudicial that a new trial is required.

The Court also provided a curative instruction informing the jury that closing arguments are not considered evidence. The prosecutor is permitted to make inferences without violating *Bruton* when the Court gives an appropriate instruction. *Id.*; *see also Roney*, 79 A.3d at 624 (stating "a confession that was incriminating to co-defendant B only by inference from evidence subsequently introduced at trial... [is] not subject to *Bruton's* rule"). The prosecutor did not state a direct quote of the co-defendant's confession, only a passing, inferential reference. Petitioner's name and identifying information was never used in co-defendant's confession. Petitioner provided no evidence of malicious intent on the part of the prosecutor that would rise to the level of prosecutorial misconduct.

Even if the statement was improper, it was not so egregious and did not meet the standard required to show Petitioner was sufficiently prejudiced to require a new trial. "The mere finding

8

of a violation of the *Bruton* rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction." *Commonwealth v. Wharton*, 530 Pa. 127, 143–44, 607 A.2d 710, 718 (1992) (*citing Schneble v. Florida*, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972)). This is especially true in cases such as this where "the properly admitted evidence of guilt is so overwhelming, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." *Id.*

To be eligible for relief under Petitioner's fourth issue raised on appeal, Petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S.A. § 9543(a)(2)(i). Petitioner has failed to establish a violation of *Bruton* and, therefore, has failed to establish a violation of the Confrontation Clause of the Sixth Amendment. The truth-determining process was not so undermined by any violation that no reliable adjudication of guilt or innocence could have taken place. There has been no violation of the Confrontation Clause and no relief is necessary under the Constitution.

Based on the record and pleadings of the parties, there was no *Bruton* violation in this case. Even if a *Bruton* violation did occur, Petitioner failed to show he was prejudiced by Attorney McGlaughlin's failure to object. Petitioner has not established that objecting to the prosecutor's statement would have rendered a different outcome in the case. Attorney McGlaughlin was not ineffective for failing to object to the prosecutor's closing statement and, therefore, Attorney Miller was not ineffective for failing to raise the issue on appeal. The prosecutor's statement did not so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

9

For the foregoing reasons, the Court respectfully requests that its Opinion and Order of July 28, 2020, remain undisturbed.

BY THE COURT:

_____
Brian K. Marshall, Judge

Date: November 6, 2020

# IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
: No. CP-14-CR-1128-2010
v. : No. CP-14-CR-1137-2010
: No. CP-14-CR-1160-2010
ANATOLIY VERETNOV :

*Attorney for the Commonwealth:*        *Amanda K. Chaplin, Esquire*
*Attorney for the Defendant:*        *Julian Allatt, Esquire*

## OPINION AND ORDER

**MARSHALL, J.**

Presently before the Court is Anatoliy Veretnov's ("Petitioner") Amended Post Conviction Relief Act Petition ("PCRA") dated September 17th, 2018. A hearing was held on October 10th, 2019, after which the Court ordered both parties to submit written briefs. Upon consideration of the written submissions and arguments presented, the Court orders that Petitioner's PCRA is GRANTED in part as it relates to Petitioner's re-sentencing pursuant to *Alleyne v. United States*, and Petitioner's remaining issues are DENIED consistent with the following discussion.

## BACKGROUND

On June 22, 2012, following a jury trial, Petitioner was convicted of all counts in three criminal actions, encompassing numerous charges of various crimes including robbery, assault, criminal conspiracy, theft by unlawful taking, receiving stolen property, criminal mischief, kidnapping, and recklessly endangering another person. On July 20, 2012, Petitioner was sentenced to a total aggregate term of incarceration of thirty and one-half (30 ½) years to sixty-one (61) years. Petitioner was represented at trial and on appeal by Attorney Ronald McGlaughlin. Petitioner filed a Post-Sentence Motion on July 27, 2012, and an Amended Post-

☒O ☐RD ☐S



Sentence Motion on September 14, 2012. This Court denied said Motions in our Opinion and Order dated October 18, 2012. Petitioner filed a timely Notice of Appeal to the Superior Court on November 9, 2012. The Superior Court affirmed Petitioner's conviction on September 10, 2013. Petitioner then sought Allowance of Appeal from the Pennsylvania Supreme Court on October 9, 2013, which was denied on February 6, 2014. Petitioner filed a timely *pro se* PCRA Petition on December 24, 2014. Attorney Justin Miller was appointed to represent Petitioner on January 16, 2015. Petitioner, by and through Attorney Miller, filed an Amended PCRA Petition on July 10, 2015. On November 9th, 2015, Judge Kistler dismissed Petitioner's Amended PCRA Petition pursuant to Pa.R.Crim.P. 907. Petitioner filed a second PCRA Petition on February 11th, 2016, which was granted by Judge Kistler on August 8th, 2016. Petitioner was appointed new counsel and filed a notice of appeal on September 6th, 2016. On October 17th, 2017, the Superior Court remanded Petitioner's case back to this Court to consider Petitioner's claims of ineffective assistance of counsel against Attorney Miller. On March 6th, 2018, this Court issued a Notice of Intention to Dismiss Petitioner's PCRA pursuant to Pa.R.Crim.P. 907. Petitioner subsequently filed objections to the Notice and requested an extension to file an Amended PCRA. Petitioner filed his Amended PCRA on September 17th, 2018. On February 6th, 2019, this Court again issued a Notice of Intent to Dismiss the PCRA. Petitioner filed his objections on March 18th, 2019, and on March 22nd, 2019, this Court sustained Petitioner's objections and granted Petitioner leave to amend his PCRA. An evidentiary hearing was held on October 10th, 2019, in which the Commonwealth conceded Petitioner would need to be resentenced pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). The Court ordered both parties to submit written briefs after the evidentiary hearing. Petitioner requested, and was granted, an extension to file his brief by this Court's Order dated November 27th, 2019. Petitioner subsequently filed his brief through

2

appointed counsel Julian Allatt on January 10th, 2020, and the Commonwealth filed its response on March 17th, 2020.

## APPLICABLE LAW

Pursuant to the Post Conviction Relief Act, Defendant is entitled to relief on his claims if he proves by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> 　　(i) currently serving a sentence of imprisonment, probation or parole for the crime;
> 　　　　　***
> (2) That the conviction or sentence resulted from . . .
> 　　(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> (3) That the allegation of error has not been previously litigated or waived.
> (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a). Defendant was convicted of a crime under the laws of Pennsylvania, and he is currently serving his sentence at a state correctional institution. In addition, Defendant's instant PCRA Petition is timely due to the extensions granted by this Court.

> To prevail on a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

> *Com. v. Chmiel,* 612 Pa. 333, 361, 30 A.3d 1111, 1127 (2011).

Our Commonwealth's Supreme Court proceeded to elaborate on the *Pierce* test as follows:

> With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis

3

only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

*Id.* (internal quotations and citations omitted).

In *Commonwealth v. Rykard*, the Superior Court stated "[i]n determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Com. v. Rykard*, 55 A.3d 1177, 1190 (2012).

## DISCUSSION

Petitioner raises five (5) claims in his Amended PCRA. The first claim relates to Petitioner's sentencing, in that *Alleyne v. United States* rendered mandatory minimum sentencing unconstitutional. *Alleyne*, 570 U.S. 99 (2013). As this issue was conceded to by the Commonwealth, the Court finds that Petitioner is entitled to be resentenced on a future date and no further discussion on the issue is necessary. Petitioner's second and third claims involve the out of court identification of Petitioner, specifically that the Commonwealth engaged in an "unduly suggestive and manipulative" lineup procedure. *Petitioner's Post-Hearing Brief*, pg. 2 (Jan. 10th, 2020). Petitioner's final two claims involve an alleged violation of this Court's Order dated January 17th, 2011, requiring that specific references to Petitioner be removed from a consensual intercept involving co-defendant Litvinov in order to bring it into compliance with the Supreme Court's holding in *Bruton v. United States*, 391 U.S. 123 (1968).

4

## I.    The Line-up and Identification

Petitioner claims that both trial counsel and Petitioner's first appointed PCRA counsel, Attorney Justin Miller, were ineffective for failing to object to the victim's out of court identification of Petitioner. The facts indicate that the victim had trouble seeing Petitioner in the courtroom, to which the former District Attorney, Stacy Parks Miller, mused to the court that the victim should be able to get a closer look. After the Court recessed for lunch, the victim was seated on a bench across from the elevators outside the courtroom with former Assistant District Attorney Nathan Boob. It was during this time that Petitioner was brought out of the elevator with his co-defendant, likely in handcuffs and shackles as is customary procedure in Centre County. During the evidentiary hearing, Attorney McGlaughlin testified that the victim never identified Petitioner. N.T. 10/10/19, pp. 19-20 (PCRA Evidentiary Hearing). Additionally, during day 3 of the first trial, the victim testified and did not identify Petitioner until immediately after the lunch break when he stated that he saw Petitioner in front of the elevator. N.T. Jury Trial, 2/11/11, pg. 886. During the second trial, the victim again testified that the first time he identified Petitioner was in front of the elevator. N.T. 6/19/12, pp. 491-92. Petitioner argues that this act was essentially a line-up, and that Petitioner was unduly prejudiced as a result. Attorney McGlaughlin testified at the evidentiary hearing that he did not object to the identification, and had no strategic basis for failing to do so. N.T. 10/10/19, pg. 29 (PCRA Evidentiary Hearing).

"An in-court identification of a defendant need not be suppressed, despite a suggestive out-of-court identification, if the Commonwealth is able to establish by clear and convincing evidence that the later identification was not the result of the earlier suggestive event." *Com. v. Fisher*, 564 Pa. 505, 523, 769 A.2d 1116, 1127 (2001). In determining the reliability of an out of court identification, the Court must examine the totality of the circumstances. *Com. v. Johnson*,

5

635 Pa. 665, 700 (2016); *see also Com. v. Floyd*, 494 Pa. 537, 542-43 (1981) ("To assess the validity of the instant claim, it must be stressed that the suggestiveness of a courtroom identification is only one factor to be considered in determining the reliability of the identification evidence . . ."). "A pre-trial identification violates due process only when the facts and circumstances demonstrate that the identification procedure was so impermissibly suggestive that it gave rise to a very substantial likelihood of irreparable misidentification." *Id.* (citing *Commonwealth v. Hughes*, 521 Pa. 423, 555 A.2d 1264, 1272–73 (1989)). Our Commonwealth's Supreme Court identified several specific factors the Court must examine when determining the reliability of an out of court identification, which include "the witness' ability to observe the criminal act; the accuracy of photo array selection and other descriptions; the lapse of time between the act and any line-up; and any failure to identify the defendant on prior occasions." *Com. v. Santiago*, 579 Pa. 46, 74, 855 A.2d 682, 698 (2004); *see also Com. v. Sanders*, 42 A.3d 325, 330 (Pa. Super. Ct. 2012) ("In deciding the reliability of an identification, a suppression court should evaluate the opportunity of the witness to see the criminal at the time the crime occurred, the witness's degree of attention, the accuracy of any description given, the level of certainty when identification takes place, and the period between the crime and the identification.").

In *Santiago*, the Court held that the identification was reliable because the victim had a clear opportunity to view the defendant committing the crime and the victim watched the defendant for at least fifteen seconds from a distance of no greater than twenty feet. *Santiago*, 579 Pa. at 74. Contrary to the facts in the present matter, the victim in *Santiago* was able to identify the defendant through a photo lineup only a few days after the incident, and defendant never failed to identify the defendant during the investigation. *Id.* In the present matter, the

6

victim spent over an hour with Petitioner and his accomplices. Additionally, the victim sat in the passenger seat of the vehicle Petitioner was operating, and as such, was within a few feet of Petitioner. Testimony indicated that Petitioner and the victim also spoke to each other during the encounter. The victim also testified that he immediately recognized Petitioner upon exiting the elevator during the trial, despite Petitioner having changed his appearance, and stating "that one is the driver." N.T. Jury Trial, 06/19/12, pg. 558. Furthermore, the victim testified at length about Petitioner's appearance on the night of the kidnapping/robbery, noting that Petitioner:

- Wore large, black sunglasses and a black jacket. *Id.* at 461.

- Wore black leather gloves. *Id.* at 463.

- Was taller than the victim with a slim build and "palely white" skin. *Id.* at 464.

- Victim could view the side of Petitioner's face and cheek area. *Id.* at 465.

The Court determines that all of these facts provide the victim with an independent basis for his out of court identification of Petitioner. The factors to be considered in determining whether an independent basis exists are:

> (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

*Fisher*, 564 Pa. at 524.

The victim spent a considerable amount of time with Petitioner during the aforementioned events, much more than that of the victim in *Santiago*. The victim was also able to describe Petitioner's appearance on the date of the robbery/kidnapping in detail, as previously mentioned. Our Superior Court held in *Commonwealth v. Davis* that a victim's unchanging, detailed description of the defendant at the time the offenses were committed was sufficient to establish an independent basis for identification of the defendant. *Davis*, 17 A.3d 390, 394-95 (Pa. Super.

7

Ct. 2011). This is consistent with the facts in the present matter. While one year had passed, the victim described Petitioner's appearance on the night in question with considerable detail. Additionally, as soon as the victim was able to get close enough to see Petitioner, he immediately recognized and identified him as the driver. The victim was also able to note what had changed in Petitioner's appearance since the kidnapping/robbery. Despite failing to identify Petitioner in a photo lineup, the totality of the circumstances show that the victim had an independent basis for identifying Petitioner, and therefore the identification was admissible. Any taint of the out of court identification was also alleviated on cross-examination through Attorney McGlaughlin's questioning, which pressed the victim about his previous failure to identify Petitioner and that the victim was only "partially" looking at the driver on the night of the kidnapping. N.T. Jury Trial, 06/19/12, pg. 524.

Due to all of the reasons stated above, the identification of Petitioner was the result of an independent basis and therefore was reliable. Thus, Attorney McGlaughlin cannot be found ineffective for failing to object to the identification, and Attorney Miller cannot be ineffective for failing to raise the issue in a prior PCRA.

## II. Bruton Issues

In *Bruton*, the U.S. Supreme Court held that the admission into evidence of an extrajudicial statement of confession by non-testifying co-defendant A inculpating co-defendant B in the crime, violated co-defendant B's right of cross-examination under the Confrontation Clause of the Sixth Amendment. *Com. v. Roney*, 622 Pa. 1, 49, 79 A.3d 595, 623 (2013); *see also Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand."). In *Commonwealth v. Roney*, our Commonwealth's Supreme Court held that

8

*Bruton* is not violated when the statement in question refers to the defendant as "other people," even when such statement can be linked to another party's statement that is seemingly corroborative. *Roney*, 622 Pa. at 53-54.

In the present matter, Petitioner was referred to by Mr. Coatman as "the guy at the computer." This is similar to the statement in *Roney* where the statement referred to the defendant as "other people." The Court determines that the Commonwealth complied with this Court's Order dated January 17th, 2011, when it removed the identifying information about Petitioner from the intercept.

Petitioner's final issue regards the former District Attorney's "unmasking" of Petitioner in her closing argument when she linked Petitioner to "the guy at the computer" in Mr. Coatman's testimony. The Commonwealth relies on *Commonwealth v. Brown*, for support that DA Parks-Miller's statement in closing was proper, and if not, certainly not prejudicial to the point of a new trial. *Brown*, 592 Pa. 376 (2007). In *Brown*, the prosecutor made a statement which essentially outed the defendant as the "other guy" referenced in redacted statements which had been admitted into evidence. *Id.* at 390-91. Our Commonwealth's Supreme Court found that the prosecutor indeed misspoke; however, the Court explained that the statement was not egregious enough to invoke *Bruton*, the statement "only affected the redaction indirectly and by reference," and the statement was an isolated event to which the prosecutor did not reference again. *Id.* at 398-99.

Here, the record indicates that Petitioner's name was never used in the intercept, and that the DA's invocation of Petitioner's name during closing was not reversible error. The Court finds Petitioner's situation to be analogous to *Brown*, in that the DA's mentioning of Petitioner's name was not egregious, happened only a single time, and that the Court provided a curative

9

instruction reiterating that closing arguments are not evidence. As such, the Court finds that, even in the event the statement was improper, it was not egregious and did not rise to a level sufficient to prejudice Petitioner to the point a new trial is warranted.

Counsel for Petitioner also raised the issue of potential prosecutorial misconduct on behalf of former DA Parks-Miller, invoking the inference that foul play was likely involved simply based on her involvement in the case. The record is devoid of evidence supporting Petitioner's assertion, and it is improper for the Court to consider the former DA's subsequent suspension and loss of license as evidence to create the inference that because DA Parks-Miller violated the Rules of Professional Conduct on another occasion, she must have engaged in similar behavior here. In the absence of clear evidence supporting this allegation, the Court declines to find any misconduct on behalf of the Commonwealth.

For all of the foregoing reasons, the Court finds that Petitioner is not entitled to the relief requested, with the exception that Petitioner shall be resentenced at a later date pursuant to *Alleyne*. The identification of Petitioner was proper, and thus Attorneys McGlaughlin and Miller cannot be ineffective for failing to raise the issue. Furthermore, Petitioner failed to establish that he was prejudiced by DA Parks-Miller's closing argument, that the statement was a product of bad faith or prosecutorial misconduct, and that a new trial is warranted. As such, Attorney McGlaughlin cannot be found ineffective for failing to object during closing argument, and Attorney Miller cannot be ineffective for failing to raise this issue in Petitioner's previous PCRA.

10

## ORDER

AND NOW, this 28th day of July, 2020, the Court ORDERS that Petitioner's Post-Conviction Relief Act Petition is hereby GRANTED IN PART as it relates to Petitioner's resentencing pursuant to *Alleyne*. All of Petitioner's remaining relief requested is hereby DENIED.

BY THE COURT:

_____

Brian K. Marshall, Judge

11