J-A25043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. LEHMAN | : | |
| | : | |
| Appellant | : | No. 379 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 2, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003613-2019

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: FEBRUARY 8, 2022**

Appellant, Richard A. Lehman, appeals from the judgment of sentence of two to five years' incarceration imposed after he pleaded guilty to robbery.[1] We find that appellate counsel's failure to timely file a concise statement of errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), constitutes ineffective assistance of counsel *per se*. Therefore, we remand for additional proceedings consistent with this decision.

On October 28, 2020, Appellant entered a guilty plea to the first count of an eight-count indictment, which was amended from a first-degree felony count of robbery to a second-degree felony. The Commonwealth withdrew

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

the remaining counts of the indictment. The trial court sentenced Appellant on February 2, 2021. Appellant filed a timely post-sentence motion, which the trial court denied on February 17, 2021. Appellant filed a notice of appeal from the order denying the post-sentence motion on March 22, 2021.

The same day that it denied Appellant's post-sentence motion, the trial court issued an order directing Appellant to file his Rule 1925(b) statement within 21 days of the entry of the order. Appellant filed his Rule 1925(b) statement on April 13, 2021. Thereafter, the trial court filed a Rule 1925(a) opinion, indicating that Appellant's notice of appeal and Rule 1925(b) concise statement were both untimely, and that Appellant waived his appellate issue because his concise statement was so vague that the court could not identify the issue Appellant sought to raise on appeal.[2] Trial Court Opinion, 5/13/21, at 4-6. To the extent the trial court was able to discern the sentencing issue Appellant sought to raise on appeal, the court determined that it was meritless. *Id.* at 6-7.

Prior to addressing the merits of this appeal, we must first determine whether the notice of appeal filed below was timely. The timeliness of an appeal is a jurisdictional question that is strictly construed, and the time fixed by statute or rule for an appeal may not be extended as a matter of grace or

_____

[2] Appellant identified his sole appellate issue in his Rule 1925(b) statement as follows: "The Trial Court abused its discretion when it sentenced the Defendant to an aggravated sentence." Rule 1925(b) Statement, 4/13/21, ¶A.

indulgence. *Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*). Because Appellant filed a timely post-sentence motion, his notice of appeal was required to be filed within 30 days of the date of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). The order denying the post-sentence motion was entered on February 17, 2021; therefore, Appellant was required to file his notice of appeal by March 19, 2021. While appellate counsel apparently mailed the notice on March 17th, it was not in fact received and docketed until March 22, 2021. Therefore, the notice was untimely. *See* Pa.R.Crim.P. 576(A)(2)(b) (providing that when filing of a document is required, it may be done by mail addressed to the clerk of courts but "filing by mail shall be timely only when actually received by the clerk of courts within the time fixed for filing").[3]

However, a breakdown in the operation of the trial court's operations occurred when the trial court did not explain Appellant's appeal rights in the order denying his post-sentence motion. Pursuant to Rule of Criminal Procedure 720(B)(4),

(4) *Contents of Order*. An order denying a post-sentence motion . . . shall include notice to the defendant of the following:

---

[3] We note that, while Appellant was incarcerated at the time the notice was filed, the prisoner mailbox rule is not applicable in this case because Appellant was represented by appellate counsel, who filed the notice of appeal in question. *See Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278, 281 (Pa. 1996) (stating that the prisoner mailbox rule "applies only to *pro se* petitioners who are incarcerated").

(a) the right to appeal and the time limits within which the appeal must be filed;

(b) the right to assistance of counsel in the preparation of the appeal;

(c) the rights, if the defendant is indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Rule 122; and

(d) the qualified right to bail under Rule 521(B).

Pa.R.Crim.P. 720(B)(4).

In **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007), this Court explained that a breakdown in the court's operations occurs where the trial court fails to comply with Rule 720(B)(4) by advising a defendant of his appeal rights at the time of the denial of his post-sentence motion. **Id.** at 499. While the appellant in **Patterson** was advised of his right to file a post-sentence motion and appeal at the time of sentencing, we concluded that the trial court's failure in that case to include the mandatory language of Rule 720(B)(4) in its order denying the post-sentence motion excused the appellant's filing of an otherwise untimely notice of appeal. **Id.** at 499-500.

**Patterson** dictates the same result here. The trial court's February 17, 2021 order does not contain the Rule 720(B)(4) disclosures and instead simply provided that Appellant's post-sentence motion was denied without elaboration. Order, 2/17/20. While Appellant was in fact advised of his appeal rights at sentencing, **see** N.T., 2/2/21, at 2-4, this does not absolve the trial court of its responsibility to include the information set forth in Rule 720(B)(4) in the order denying his post-sentence motion. **Patterson**, 940 A.2d at 499.

- 4 -

Therefore, we conclude that a breakdown in the operation of the court occurred in this case, and Appellant's untimely filing of his notice of appeal was excused.

However, while we excuse Appellant's late filing of his appeal, the same is not true for his untimely filed Rule 1925(b) statement. The trial court entered an order on March 22, 2021, providing that, in accordance with Rule 1925, Appellant was required to file and serve his concise statement within 21 days of the entry of the order or else his appellate issues would be waived. **See** Pa.R.A.P. 1925(b)(3) (stating required contents of order). Appellant therefore had until April 12, 2021 to file, but his Rule 1925(b) statement was not entered on the docket until the following day. Appellant's appellate issue is thus waived. **See Commonwealth v. Castillo**, 888 A.2d 775, 776, 779-80 (Pa. 2005) (holding that claims raised in an untimely Rule 1925(b) statement are waived on appeal).

Pursuant to Rule 1925(c)(3),

If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) (*en banc*), this Court stated:

The complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis

- 5 -

designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus untimely filing of the [Rule] 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.

*Id.* at 432-33 (footnote omitted).

In this case, the trial court did attempt to address the validity of Appellant's sentence in its Rule 1925(a) opinion, but, as the court noted in its opinion, it was hampered in its compliance with Rule 1925(a) where the issue stated in Appellant's untimely concise statement was so vague as to warrant waiver of his claim. Trial Court Opinion, 5/13/21, at 5-7. In light of Appellant's failure to file a timely Rule 1925(b) statement and the vagueness of the appellate issue set forth in his untimely statement, we conclude that appellate counsel was *per se* ineffective and remand to the trial court is warranted. **Cf. Burton**, 973 A.2d at 433 (concluding that remand was not necessary where the trial court filed an opinion addressing the issue presented in the appellant's untimely Rule 1925(b) statement).

We remand this matter to the trial court to appoint new counsel for Appellant within 15 days of the date that the certified record is returned to the trial court. New counsel shall file a Rule 1925(b) statement with the trial court within 21 days of the date of appointment, unless extended by the trial court. The trial court shall file a supplemental Rule 1925(a) opinion, or a statement that no further opinion is necessary, within 30 days of the filing of the Rule 1925(b) statement. The trial court shall include the Rule 1925(b)

statement and supplemental opinion, or statement that no further opinion is necessary, in the certified record.

Case remanded with instructions. Jurisdiction retained.